530 A.2d 450

**COMMONWEALTH of Pennsylvania**

v.

**Colleen Rose McMULLEN, Appellant.**

Superior Court of Pennsylvania.

Argued June 10, 1987.

Filed Aug. 17, 1987.

558

Patricia A. Wenger, Harrisburg, for appellant.

Yvonne A. Okonieski, Deputy District Attorney, Harrisburg, for Com., appellee.

Before CIRILLO, President Judge, and OLSZEWSKI and HESTER, JJ.

HESTER, Judge:

■ Appellant was convicted in a nonjury trial of violating 35 Pa.S. § 780–113(a)(30), possession with intent to deliver a controlled substance. We agree with her contention that trial counsel was ineffective for failing to object to the trial court's erroneous computation of her prior record score under the sentencing guidelines prior to imposing sentence.[1] Accordingly, we vacate the judgment of sentence and remand for resentencing.

1. Application of the sentencing guidelines might appear to relate to discretionary aspects of sentencing, and thus to involve the mandate of *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), that an appellant comply with the requirement in Pa.R.A.P. 2119(f) that he set forth a "concise statement of the reasons relied upon for allowance of appeal." Appellant, however, has couched the issue in terms of an ineffectiveness claim, thus raising a nondiscretionary issue under the sixth amendment of the federal Constitution. Although the first component of an ineffectiveness analysis, whether the underlying claim is of arguable merit, *Commonwealth v. Pierce*, 515 Pa. ——, ——, 527 A.2d 973, 974 (1987), requires us to review the application of the sentencing guidelines in this case, the sixth amendment issue raised by appellant does not require a Rule 2119(f) statement as in appeals

■ Appellant claims that the guideline sentence form prepared by the Commonwealth prior to the sentencing hearing was incorrect in its calculation of prior record score under 204 Pa.Code § 303.7(f). That section provides:

**(f) Past convictions.** When the maximum sentence applicable to the current offense is dependent upon past convictions, those convictions shall not be used in computing the prior record score. For example: retail theft, some violations of The Controlled Substance, Drug, Device, and Cosmetic Act (35 Pa.C.S. §§ 780–101—780–144), and some motor vehicle offenses are subject to a longer period of confinement when the defendant has been previously convicted of the same offense.

The provision is applicable to appellant by virtue of 35 Pa.S. § 780–115(a), which states:

**§ 780–115. Second or subsequent offense**

(a) Any person convicted of a second or subsequent offense under clause (30) of subsection (a) of section 13 of this act or of a similar offense under any statute of the United States or of any state, may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.

Appellant's prior conviction under 35 Pa.S. § 780–113(a)(30) for possession with intent to deliver was, but should not have been, used to calculate her prior record score. The error resulted in a prior record score of two. As that was appellant's only prior conviction, her prior record score should have been zero.

■ The prior conviction was correctly considered pursuant to 204 Pa.Code § 303.8(d) in determining the *offense gravity score*. That section establishes an offense gravity score of seven for a first conviction of this crime, and a gravity score of eight for a second or subsequent offense. The trial court used the offense gravity score of eight, but this had the effect of including the prior conviction twice,

from discretionary aspects of sentencing. *See Commonwealth v. Jones*, 365 Pa.Super. 57, 65 n. 2, 528 A.2d 1360, 1364 n. 2 (1987).

for it had improperly been used in calculating appellant's prior record score, as discussed above.

Under 204 Pa.Code § 303.9(b), the sentencing guidelines establish a standard range of thirty-six to sixty months, utilizing a prior record score of two and an offense gravity score of eight. This range was the one considered by the sentencing judge, and he imposed a minimum sentence of thirty-six months, the lowest possible sentence within this range. N.T., 11/21/86, at 4–5.

The correct range under § 303.9(b) of the guidelines, utilizing a prior record score of zero and an offense gravity score of eight, is twenty-four to forty-eight months. Appellant, represented by new counsel on appeal, argues that trial counsel was ineffective for failing to challenge the erroneous computations under the sentencing guidelines. This issue is properly raised on appeal, as this is appellant's first opportunity to do so. *Commonwealth v. Johnson*, 347 Pa.Super. 93, 96, 500 A.2d 173, 174 (1985); *Commonwealth v. Taggart*, 258 Pa.Super. 210, 213, 392 A.2d 758, 760 (1978).

When reviewing the effectiveness of counsel, we determine first whether the underlying claim has merit. If it does, we then ask whether counsel's handling of the matter had some reasonable basis designed to effectuate his client's interests. Counsel is not ineffective unless there was no reasonable basis for the action. Finally, a finding of ineffectiveness requires a showing that the course of action pursued by counsel was prejudicial to the defendant. *Commonwealth v. Pierce*, 515 Pa. ——, 527 A.2d 973 (1987).

We have already determined that the underlying claim has merit, and we can perceive no reasonable basis for failing to contest the erroneous computations under the sentencing guidelines.

The Commonwealth argues that the sentence, even if miscalculated, is still within the range of the guidelines and that appellant has not suffered any prejudice. We do not agree. The court imposed a minimum sentence of thirty-six months, believing the standard range was thirty-six to sixty

months. If the court had known that the standard range was actually twenty-four to forty-eight months, a shorter sentence might well have been imposed. *See* N.T., 11/21/86, at 4–5. We have held that when a sentencing court was not cognizant of the correct guideline sentence ranges before imposing sentence, the sentence must be vacated and the appellant resentenced. *Commonwealth v. Taylor*, 362 Pa.Super. 408, 425, 524 A.2d 942, 950 (1987); *Commonwealth v. Johnakin*, 348 Pa.Super. 432, 438, 502 A.2d 620, 623 (1985); *Commonwealth v. Drumgoole*, 341 Pa.Super. 468, 474–75, 491 A.2d 1352, 1355 (1985).

Accordingly, the judgment of sentence is vacated and the case is remanded for resentencing in accordance with this opinion. Jurisdiction is relinquished.