545 A.2d 359

**COMMONWEALTH of Pennsylvania**

v.

**Guy BOYD, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted May 16, 1988.

Filed July 29, 1988.

Patricia A. Wenger, Harrisburg, for appellant.

Yvonne A. Okonieski, Deputy District Attorney, Harrisburg, for Com., appellee.

Before OLSZEWSKI, WATKINS and CERCONE, JJ.

CERCONE, Judge:

This case involves an appeal from a dismissal, without a hearing, of appellant's petition for review under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.A. § 9541 *et seq.* The lower court dismissed the petition on the basis that the claims of ineffectiveness of counsel alleged by appellant in his PCHA petition lacked arguable merit.

In June, 1984, appellant was found guilty following a jury trial of the charges of unlawful delivery of a controlled substance and criminal conspiracy.[1] Appellant filed post-tri-

---

1. A separate trial was conducted on a charge of intimidation of a witness, and in September, 1984, a jury returned a verdict of guilty against appellant. The record on appeal does not indicate what further disposition was made of this matter. However, the lower court's opinion, dismissing appellant's PCHA petition, indicates that post-trial motions were filed on the intimidation of a witness charge, which were denied by the trial court. The lower court opinion

al motions on both charges which were dismissed by the trial court on November 8, 1984. Appellant was then sentenced to two concurrent terms of imprisonment of three (3) to six (6) years.

Appellant filed a petition to modify sentence which was denied on February 19, 1985. Following a timely appeal to the Superior Court, the judgment of sentence was affirmed on March 14, 1986. Appellant's petition for allowance of appeal was denied by the Pennsylvania Supreme Court.

Appellant then filed a *pro se* PCHA petition. A supplemental petition was later filed by court-appointed counsel. On December 28, 1987, appellant's petition was denied without a hearing. Appellant filed a timely appeal in this court of the December 28, 1987 order.

Appellant's argument on appeal is that the lower court erred in denying his PCHA petition without a hearing because counsel at both sentencing and on direct appeal of the judgment of sentence were ineffective for failing to object to the trial court's use of an erroneous computation of the sentencing guidelines.

The standard for determining whether a hearing on a PCHA petition is required is statutorily prescribed:

§ 9549. Hearing on petition

(a) *When required.*—If a petition alleges facts that, if proven, would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer.

(b) *When not required.*—The court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.

further indicates that on appeal of the judgment on this charge, the Superior Court reversed and remanded for a new trial.

42 Pa.C.S.A. § 9549(a)-(b). The controlling factor in determining whether a PCHA petition may be dismissed without hearing "is the status of the substantive assertions in the petition." *Commonwealth v. Weddington,* 514 Pa. 46, 49, 522 A.2d 1050, 1052 (1987).

Appellant's only substantive assertion relates to the ineffectiveness of both trial and appellate counsel in failing to raise the issue of the trial court's use of an erroneous computation of the sentencing guidelines.

Claims of ineffectiveness of counsel are reviewed under the following standard:

> we determine first whether the underlying claim has merit. If it does, we then ask whether counsel's handling of the matter had some reasonable basis designed to effectuate his client's interests. Counsel is not ineffective unless there was no reasonable basis for the action, and counsel may not be faulted for failing to take baseless or meritless action. Finally, a finding of ineffectiveness requires a showing that the course of action pursued by counsel was prejudicial to the defendant.

*Commonwealth v. Blagman,* 350 Pa.Super. 367, 371, 504 A.2d 883, 885 (1986) (citations omitted); *see also Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

There is little argument that appellant's claim is of arguable merit. Even the lower court noted that appellant's prior record score was inaccurately calculated on the sentencing form. No objection to this inaccurate computation was made by counsel at the sentencing hearing or on direct appeal.[2] However, while agreeing that the claim had arguable merit, the lower court denied appellant's PCHA petition on the basis that prejudice had not been established.

Appellant relies on *Commonwealth v. Johnakin,* 348 Pa.Super. 432, 502 A.2d 620 (1985) and *Commonwealth v. McMullen,* 365 Pa.Super. 556, 530 A.2d 450 (1987), in sup-

2. While the trial court did not take testimony on this issue, it is difficult to imagine that there could be a reasonable basis for counsel's actions in failing to object to a sentencing guideline computation which, if inaccurate, would result in a higher range of minimum sentences.

port of his position. In *Johnakin*, involving a direct appeal of the judgment of sentence, the trial court deviated from the guidelines in sentencing, and in doing so, anticipated that its application of the guidelines might be held erroneous on review. 348 Pa.Super. at 438, 502 A.2d at 623. Therefore, the sentencing court attempted to ameliorate any problem which might arise as a result of its deviation from the guidelines by stating on the record its reasons for doing so. On appeal, this court vacated the judgment of sentence, stating that

> [w]e are not persuaded that this anticipatory statement by the court precludes the necessity of remand. While we may affirm a sentence that is outside the guidelines provided it is reasonable, 42 Pa.C.S.A. § 9781(c)(3), it is imperative that the sentencing court determine the correct starting point in the guidelines before sentencing outside them. *Commonwealth v. Drumgoole*, [341 Pa. Super. 468, 491 A.2d 1352 (1985)]. *See also Commonwealth v. Royer*, 328 Pa.Super. 60, 70, 476 A.2d 453, 456 (1983).

348 Pa.Super. at 438, 502 A.2d at 623 (footnote omitted).

In *Commonwealth v. McMullen, supra*, a case factually similar to the instant one, and involving a claim of ineffectiveness of counsel, trial counsel was found to be ineffective for failing to object to the trial court's use of an erroneous computation under the sentencing guidelines. On appeal, this court held that appellant therein had been prejudiced because the court imposed a minimum sentence of thirty-six months, believing the standard range to be thirty-six to sixty months. 365 Pa.Super. at 562, 530 A.2d at 452–53. This court reasoned that

> [i]f the court had known that the standard range was actually twenty-four to forty-eight months, a shorter sentence might well have been imposed (citation omitted). We have held that when a sentencing court was not cognizant of the correct guideline sentence ranges before imposing sentence, the sentence must be vacated and the appellant resentenced. *Commonwealth v. Taylor*, 362

Pa.Super. 408, 423, 524 A.2d 942, 950 (1987); *Common-wealth v. Johnakin*, 348 Pa.Super. 432, 438, 502 A.2d 620, 623 (1985); *Commonwealth v. Drumgoole*, 341 Pa.Super. 468, 474–75, 491 A.2d 1352, 1355 (1985).

365 Pa.Super. at 561, 530 A.2d at 453.

In the instant case, the lower court[3] considered appellant's argument that counsel was ineffective for failing to object to its use of an erroneous guideline computation.[4] The court responded to appellant's argument as follows:

Furthermore, contrary to defendant's assertion, we did not rely on the sentencing guidelines. Although we considered the guidelines' recommendation, we were cognizant that the suggested range was not accurate, since the defendant had just been sentenced that same day, on the intimidation charge (citation omitted). Even though the erroneous computation was not brought to our attention and the intimidation verdict was later reversed and remanded, we nonetheless were aware of the unreliability of the suggestions in the report and were persuaded by other factors, such as the defendant's continuing course of conduct involving trafficking drugs and the seriousness of his antisocial and criminal conduct. Thus, even had he alleged prejudice, defendant was not in fact prejudiced by his counsel's failure since the erroneous computation was not relied on.

Although this is a difficult case, we are persuaded that appellant suffered prejudice of the type present in *McMullen*. While the lower court indicated that it was cognizant

3. The same judge presided over and ruled on both appellant's sentencing hearing and his PCHA petition.

4. It would appear from our review of the record that the prior record score may have been erroneously determined for purposes of the sentencing guidelines form. Appellant's brief is not explicit on this issue; however, since appellant cites *Commonwealth v. McMullen, supra,* on this point, it can be assumed that appellant is contending that the prior record score is erroneous because the offense gravity score of eight means that this case involves a second or subsequent offense. Thus, it would appear that appellant is arguing that it was error to utilize the previous conviction in calculating the prior offense score because that would have had the effect of including the prior conviction twice. *See id.,* 365 Pa.Superior Ct. at 559, 530 A.2d at 452.

of the unreliability of the computations in the sentencing report, it did not indicate which other guideline ranges were used as its starting point for the sentencing determination. As was indicated in *McMullen,* the sentencing court must be cognizant of the correct guideline sentence ranges before imposing sentence. From the discussion provided by the lower court, we cannot tell whether the court was, in fact, cognizant of this. It appears, rather, that the court disregarded what they found to be the incorrect guideline range, and then proceeded to consider other factors in imposing sentence. The failure to first determine the correct starting point under the guidelines would be prejudicial to appellant. *Commonwealth v. McMullen, supra.*

It may be that the lower court was unable to determine with certitude the correct guideline ranges because of insufficient information with regard to appellant's prior offense. If that is the case, on remand, the court may find it necessary to hold an evidentiary hearing on this issue, for the allegations in the PCHA petition would, if proven, entitle appellant to relief. 42 Pa.C.S.A. § 9549(a).

For the reasons just stated, the judgment of sentence is vacated and the case is remanded for resentencing in accordance with this opinion. Jurisdiction is relinquished.