681 A.2d 791

COMMONWEALTH of Pennsylvania, Appellee,

v.

Roger Lee HENRY, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted June 17, 1996.

Filed July 23, 1996.

Edward F. Browne, Lancaster, for appellant.

Joseph C. Madenspacher, District Attorney, Lancaster, for Commonwealth, appellee.

Before KELLY, POPOVICH and HESTER, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Lancaster County imposed on December 15, 1995. Appellant pleaded guilty to one count of receiving stolen property on information 2891–1994, one count each of theft and terroristic threats on information 0136–1995, two counts each of burglary, theft and criminal conspiracy on information 1040–1995, and one count of receiving stolen property on information 1469–1995.[1] Appellant was sentenced to an aggregate term of thirty months to fifteen years imprisonment.

On this appeal, appellant questions whether trial counsel was ineffective for failing to object to the imposition of sentence based upon erroneous computations of the sentencing guidelines. We find that trial counsel rendered ineffective assistance by failing to object to the trial court's erroneous application of the amended sentencing guidelines. Accordingly, we vacate the judgment of sentence and remand for

1. In exchange for appellant's guilty plea to the charges listed herein, the Commonwealth agreed to nol pros the following charges: receiving stolen property and intimidation of a witness on information 0136–1995 and burglary, theft, and criminal conspiracy on information 1469–1995.

228

resentencing in accordance with the correct sentencing guidelines.

 Our initial inquiry when reviewing a claim that trial counsel was ineffective is to determine whether the underlying claim is of arguable merit. Next, we must evaluate trial counsel's performance to ascertain whether there was any reasonable basis designed to effectuate the appellant's interest. Finally, the appellant must demonstrate that trial counsel's ineffective assistance resulted in prejudice. *Commonwealth v. Pierce*, 515 Pa. 153, 157, 527 A.2d 973, 975 (1987).

 In the present case, the Commonwealth admits that it provided the trial court with Sentencing Guideline Worksheets which were prepared incorrectly by the Commonwealth. Specifically, the sentencing ranges on the worksheets were calculated according to the amended guidelines which were effective for all offenses committed after August 12, 1994. 204 Pa.Code § 303.1(c). Both the Commonwealth and the defense agree that the amended guidelines were improperly applied to the present offenses which were all committed prior to August 12, 1994.

After considering the presentence report, appellant's character and the record, the trial court stated that "the Court will impose a sentence within the standard guidelines." Sentencing Transcript, 12/15/95, p. 15. Based on the amended sentencing guidelines provided by the Commonwealth, the trial court sentenced appellant within the standard range to concurrent sentences of fifteen months to five years imprisonment for both counts of receiving stolen property, terroristic threats and theft. However, if the court correctly applied the pre-amended sentencing guidelines, the standard range of sentencing for each of the above listed offenses would have been eight to eleven and one-half months imprisonment.

In addition, the trial court sentenced appellant within the standard range of the amended sentencing guidelines to fifteen months to ten years imprisonment for two counts each of burglary, theft and criminal conspiracy. These sentences to run concurrently to each other but consecutive to the sentence

imposed above. However, the standard range of the pre-amended guidelines provides for a sentence of twenty-four to thirty-six months imprisonment.

We agree with appellant that trial counsel was ineffective for failing to object to the trial court's erroneous reliance on the amended sentencing guidelines. In *Commonwealth v. McMullen,* 365 Pa.Super. 556, 530 A.2d 450 (1987), the trial court sentenced the defendant using an erroneously computed prior record score. A panel of this court held that trial counsel could have no reasonable basis for failing to object to the incorrect computation and that such failure prejudiced the defendant. *Id.* at 453, 365 Pa.Super. 556. We stated that "when a sentencing court was not cognizant of the correct guideline sentence ranges before imposing sentence, the sentence must be vacated and the appellant resentenced." *Id.*

In the present case, appellant's underlying claim is clearly of arguable merit. Further, we find no reasonable basis for trial counsel's failure to contest the trial court's improper application of the amended sentencing guidelines. The Commonwealth contends that trial counsel had a reasonable basis for not objecting because, under the pre-amendment guidelines, appellant could have been sentenced to a greater aggregate term of imprisonment.[2] Although appellant might have received a lesser aggregate sentence on account of the trial court's error, we cannot condone counsel's failure to contest an obvious error by the trial court. Rule 3.3(a)(1) of the Rules of Professional Conduct, entitled Candor Toward the Tribunal, provides that a lawyer shall not knowingly make a false statement of material fact or law to a tribunal. Although trial counsel did not provide the trial court with the incorrect sentencing guidelines, a tactical decision not to disclose the error could be the equivalent of an affirmative misrepresentation.

2. Under the amended guidelines, appellant was sentenced to an aggregate term of thirty months to fifteen years imprisonment, while the pre-amended guidelines provide for a sentence of thirty-two to forty-seven and one-half months imprisonment.

Finally, we must determine whether appellant was prejudiced by trial counsel's failure to object. Without being advised of the correct sentence ranges, the trial court was deprived of the ability to impose an informed sentence. Thus, we cannot be certain how the trial court would have sentenced appellant had it been aware of the correct sentencing guidelines. Consequently, appellant was prejudiced by trial counsel's failure to object and bring the error to the attention of the court. Accordingly, we vacate the judgment of sentence and remand for resentencing pursuant to the pre-amendment sentencing guidelines.

Judgment vacated; case remanded; jurisdiction relinquished.