**COMMONWEALTH of Pennsylvania,**
**Appellee,**

**v.**

**Gregory HANSON, Appellant.**

Superior Court of Pennsylvania.

Argued June 23, 2004.

Filed Aug. 23, 2004.

Victor E. Scomillio, Easton, for appellant.

Jacqueline M. Taschner, Asst. Dist. Atty., Easton, for Com., appellee.

BEFORE: HUDOCK, ORIE MELVIN and MONTEMURO *, JJ.

OPINION BY MONTEMURO, J.:

¶ 1 Appellant Gregory Hanson appeals *nunc pro tunc* from the judgment of sentence of 15 to 36 months' imprisonment entered following his conviction of terroristic threats.[1]

¶ 2 On August 1, 2002, Appellant was involved in a domestic altercation with his then-girlfriend, Amber Kacsur–Hanson,[2] during which he had refused to allow her to leave his residence and "had hit her in the mouth, arms, neck and bit her on the chest." (N.T., 12/6/02, at 9). Appellant permitted Kacsur–Hanson to leave only after her parents persuaded him to do so, and as she departed said to her, "if you call the police, I'll knock out all of your teeth, I'll cripple you. I may go to prison for it, but when I get out, I'll be able to walk, but you will still be a cripple." (*Id.* at 11). Appellant then jumped on Kacsur–Hanson's car several times, causing significant damage. He was arrested shortly thereafter.

¶ 3 In addition to the instant offense, the Commonwealth also initially charged Appellant with simple assault, false imprisonment, criminal mischief, and harassment. On August 28, 2002, Appellant filed a petition for writ of *habeas corpus.* A hearing was held on September 20th, during which he withdrew his petition and entered a plea of *nolo contendere* to the instant offense. The Commonwealth in return withdrew all of Appellant's other charges, but requested that his violent acts during the incident in question be incorporated in the factual basis for his plea, which the trial court permitted.

¶ 4 The court sentenced Appellant on December 6th. Ten days later, he filed a petition for reconsideration, which the court denied on January 10, 2003. Appellant did not file a direct appeal, but rather, on November 14, 2003, filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.*, alleging that sentencing counsel was ineffective for failing to file a direct appeal and for failing to challenge his sentence as excessive. On December 12th, the court restored Appellant's direct appeal rights *nunc pro tunc.*[3] This appeal followed.

¶ 5 Appellant's sole claim on appeal asserts that the trial court abused its discretion in imposing a sentence which was excessive in relation to his conviction. He cites *Commonwealth v. McMullen*, 365 Pa.Super. 556, 530 A.2d 450, 453 (1987), for the proposition that a sentence that does not comply with the appropriate guideline ranges must be vacated. Appellant points out that the sentencing guideline form provided that for his offense the minimum sentence in the aggravated range is 15 months' imprisonment, and asserts that the proper aggravated minimum sentence should have been *"less than* 15 months." (Appellant's Brief at 11) (emphasis added).

---

* Retired Justice assigned to Superior Court.

**1.** 18 Pa.C.S.A. § 2706.

**2.** Appellant and Kacsur–Hanson were married while he was awaiting sentencing for the instant offense.

**3.** The Order mentioned that, at sentencing, Appellant was not advised by counsel of his right to take a direct appeal; the Order also reflects the Commonwealth's concession on this point. However, the sentencing transcript reveals that the trial court did specifically inform him of his "right to appeal to the Superior Court within 30 days." (N.T., 12/6/02, at 36).

Accordingly, he argues that the trial court applied an improper and excessive aggravated minimum sentence, and that, as such, his sentence should be vacated.

¶ 6 Appellant also cites *Commonwealth v. Walls*, 846 A.2d 152, 158 (Pa.Super.2004), for the proposition that when a sentencing court fails to apply the proper sentencing guideline recommendations regarding a particular offense, it must demonstrate that the circumstances underlying the offense are "compellingly different from [those of a] 'typical' case" involving the same offense such that a deviation is warranted. He argues that the court *sub judice* failed to disclose an adequate factual basis for deviating from the standard range, as, he asserts, the circumstances of the underlying incident are those of a "typical case." (Appellant's Brief at 13). Appellant concedes that he committed egregiously violent acts at the time he threatened Kacsur–Hanson, but contends that these acts were "already considered in the grading of the offense and its computation in its offense gravity score," and did not make his case "compellingly different" from any other incident involving terroristic threats. (*Id.*).

¶ 7 Further, Appellant argues, *inter alia*, that the court erred in "penalizing [him] ... for not taking responsibility for conduct for which he was not entering a guilty plea, and penalizing [him] for failing to be remorseful" when the record demonstrates that he displayed remorse at sentencing. (*Id.*). Additionally, he asserts that the sentencing guideline form was defective in that it reported "total failure of rehabilitation" as the sole reason for departure from the standard range when that was not one of the reasons discussed by the trial court at sentencing. (*Id.* at 10).

■ ¶ 8 Preliminarily, we note that Appellant's claims challenge the discretionary aspects of his sentence. As such, they are not appealable as of right; rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. Appellant has satisfied this requirement by including in his brief a separate statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). The Supreme Court of Pennsylvania stated in *Tuladziecki* that an appellate court will only review claims regarding sentencing if there is a "substantial question" that the sentence is not appropriate under the Sentencing Code. Under 42 Pa.C.S.A. § 9781(c)(3), a claim that "the sentencing court sentenced outside the sentencing guidelines," which Appellant has raised, presents such a substantial question. (Appellant's Brief at 17).

■ ¶ 9 The matter of sentencing is vested within the sound discretion of the trial court; we only reverse the court's determination upon an abuse of discretion. *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super.2003). To demonstrate that the trial court has abused its discretion, "the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id.* Moreover, 42 Pa.C.S.A. § 9721(b) provides that the trial court must disclose, on the record, its reasons for imposing the sentence.

■ ¶ 10 Before proceeding to a disposition of Appellant's claim, we note that in his Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal, as well as the "Statement of Questions Involved" section in his brief, Appellant also challenges "[w]hether the [s]entencing [c]ourt failed to consider mitigating factors in favor of a lesser sentence." (Pa.R.A.P. 1925(b)

Statement; Appellant's Brief at 3). This issue does not present a substantial question appropriate for our review; as such, we need not address it.[4] *Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa.Super.2003).

¶ 11 First, Appellant contends, and the Commonwealth appears to concede, that the trial court applied an incorrect aggravated minimum sentence for his terroristic threats conviction. We disagree.

¶ 12 In *McMullen, supra*, the trial court incorrectly applied a standard range sentence of 36 to 60 months' imprisonment. *Id.* at 452–53. We vacated the sentence, determining that the appropriate sentencing range for the appellant's offenses was 24 to 48 months' imprisonment, and that accordingly, "[i]f the court had known that the standard range was actually twenty-four to forty-eight months, a shorter sentence might well have been imposed." *Id.* at 453.

¶ 13 In the present case, however, the trial court applied the correct aggravated minimum sentence for Appellant's offense. Terroristic threats carries an offense gravity score of 3, and Appellant's prior record score was 3 at time of sentencing. 204 Pa.Code 303.16 provides for a standard range sentence of restorative sanctions to less than 12 months' imprisonment. The corresponding aggravated/mitigated range is +/3 months. *See Id.* The trial judge sentenced Appellant in the aggravated range of the guidelines to 15 to 36 months' imprisonment. Appellant argues, however, that the longest minimum sentence he could have received in the aggravated

range was a term of "less than 15 months." (Appellant's Brief at 11). The Commonwealth agrees, but contends that the error is *de minimis*, such that Appellant is due no relief. We find, however, that the trial court interpreted the guidelines correctly.

¶ 14 A review of the basic sentencing matrix reveals that there are several guideline ranges which carry a maximum minimum sentence of <12, *i.e.*, less than 12 months. Although none of the aggravated/mitigated ranges carry a "less than" designation, it is obvious that Appellant, as well as the Commonwealth, applied the aggravated range of 3 months literally, that is, he simply attached 3 months to the maximum standard sentence of <12 months to arrive at an aggravated range of "less than" 15 months' incarceration. However, after reviewing the sentencing guidelines as a whole, we find that the designation of "less than" 12 months' incarceration represents a deliberate attempt to keep the offender under control of the court of common pleas. "When an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains the authority to grant and revoke parole; when the maximum term is two years or more, authority to grant or revoke parole is vested in the Parole Board." *Commonwealth v. Tilghman*, 438 Pa.Super. 313, 652 A.2d 390, 391 (1995) (citing 61 P.S. §§ 331.17, 331.21, 331.26). An offense gravity score of 3 falls into the Sentencing Level 2.

Level 2 provides sentence recommendations for generally non-violent offenders and those with numerous less seri-

---

4. The Commonwealth argues that Appellant has failed to raise a substantial question because his reconsideration petition raised only a "bald claim of excessiveness," stating that the sentence imposed was "in the aggravated range and exceeded the sentencing guidelines." (Commonwealth's Brief at 7); *see also Commonwealth v. Mouzon*, 571 Pa. 419,

812 A.2d 617, 627 (2002). However, our precedent requires only that a substantial question be raised in the appellant's Pa.R.A.P. 2119(f) Statement. Here, Appellant has included in his Pa.R.A.P. 2119(f) Statement specific arguments regarding the excessiveness of sentence and not mere "bald claims of excessiveness."

ous prior convictions, such that **the standard range requires a county sentence but permits both incarceration and non-confinement.** The standard range is defined as having an upper limit of less than 12 months and a lower limit of Restorative Sanctions [RS]. **The primary purposes of this level are control over the offender and restitution to victims.** Treatment is recommended for drug dependent offenders....

204 Pa.Code § 303.11(b)(2) (emphasis added). Accordingly, although the longest standard range minimum sentence for Appellant's conviction was less than 12 months, we find that the trial court properly sentenced Appellant in the aggravated range of the guidelines when it imposed a minimum sentence of 15 months' incarceration. Clearly, court control over the offender and a county sentence are not of concern when an aggravated sentence is appropriate. Therefore, we find Appellant is not entitled to relief on this claim.

■ ¶ 15 Next, Appellant argues that the trial court abused its discretion in sentencing him in the aggravated range as his crime represented a "typical case." (Appellant's Brief at 13). In *Walls, supra,* we specified that when imposing a sentence, the trial court must consider various factors, including "the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant," and that the sentencing court must impose a sentence that is appropriate in light of the individualized facts of the underlying incident. *Id.* at 157. In that case, we found that the trial court abused its discretion in imposing the maximum applicable sentence, in disregard of the sentencing guidelines, because the court failed to demonstrate that the facts of the appellant's underlying sex offense were more egregious than those of a "typical" sex offense case. *Id.* at 154–55. We determined that the trial court erred in failing to impose a sentence that was "indi-

vidualized to this particular case and to this particular defendant," finding that the court instead apparently harbored an animus against sex offenders generally, as the result of which the appellant received a sentence that was excessive for no reason other than the nature of his offense. *Id.* at 161.

¶ 16 In contrast, here the sentencing court took into account the particular circumstances of the underlying incident as well as Appellant's individual criminal history. Specifically, the court considered, *inter alia,* the violent nature of the other offenses Appellant committed at the time he made the threats, the fact that Kacsur–Hanson suffered significant physical injury during the incident, as well as Appellant's prior offenses and rehabilitative needs. The court additionally mentioned the interests of the community in prosecuting perpetrators of domestic violence, but unlike the court in *Walls,* did not take that factor into account without significant consideration of the seriousness of the incident underlying Appellant's offense. In light of the violent acts accompanying the threats, it is apparent that the incident was more serious than the "typical" terroristic threat situation in which only words are involved.

¶ 17 In sum, Appellant's reliance on *Walls* actually works to his detriment. He concedes that, pursuant to *Walls,* "deviation from the norms set forth in the guideline ranges should be due to the offender['s] character, criminal history, or other unique factors," and that the court must demonstrate that the instant offense is more serious than the "typical offense" to warrant an increase in sentencing beyond what is recommended by the guidelines. (Appellant's Brief at 12). Indeed, the court weighed the factors suggested by Appellant, and disclosed adequate reasoning on the record as to why Appellant's

offense was more reprehensible than a "typical" instance of terroristic threats. Accordingly, we find that the court presented a proper and adequate factual basis for deviating from the guidelines in fashioning Appellant's sentence.

¶ 18 Appellant also contends that the trial court unfairly penalized him for failing to show remorse for his conduct when the record demonstrates that he was, indeed, remorseful. We note that "when reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa.Super.1999), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001). Here, Appellant stated at sentencing that he was "very sincerely sorry" for having committed the instant offense. (N.T., 12/6/02, at 8). However, the court chose not to grant significant weight to Appellant's sentiments, finding more probative, *inter alia*, the report of psychologist Dr. Sam Fatta that Appellant was "manipulative," "antisocial," and "[could] act without considering the consequences of his behavior," as well as the testimony of Kacsur–Hanson's parents that Appellant had previously harmed her several times and is "not really willing to take responsibilit[y] for his actions." (*Id.* at 21–22). In light of this conflicting evidence, the court chose to reject Appellant's expressions of remorse. The court did not abuse its discretion in doing so.

¶ 19 Finally, with regard to Appellant's argument concerning the ostensible inconsistency between the reasons given at the sentencing hearing for the aggravated sentence as opposed to the reason printed on the sentencing guideline form, we find that, at the hearing, the court adequately apprised Appellant of its rationale for imposing a sentence in the aggravated range.

The fact that not all of the reasons appear on the corresponding sentencing form does not by itself warrant reversal of his sentence.

¶ 20 Appellant's remaining arguments regarding this claim are similarly meritless; as such, we need not address them.

¶ 21 Judgment of sentence affirmed.