J-S69038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN GUY, | |
| Appellant | No. 787 EDA 2015 |

Appeal from the Judgment of Sentence of March 4, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003258-2011

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 21, 2015**

Appellant, Kevin Guy, appeals from the March 4, 2015 aggregate judgment of sentence of eight to 20 years of incarceration, imposed after a jury convicted him of one count of delivery of a controlled substance, one count of possession of a controlled substance with intent to deliver, and two counts of possessing drug paraphernalia.[1]  After careful review, we affirm.

The trial court detailed the factual and procedural background of this case as follows:

> On May 8, 2012, at the conclusion of a two-day trial, a jury found [Appellant] guilty of delivery of cocaine (Count 3), possession with intent to deliver cocaine (Count 4) and two counts of drug paraphernalia (Counts 7 and 8).  The offenses stemmed from a controlled buy of cocaine [Appellant] made on March

_____

[1] 35 P.S. §§ 780-113(a)(30) and (32).

21, 2011, as well as cocaine and paraphernalia found on [Appellant's] person at the time of his arrest on April 13, 2011.

At trial, the Commonwealth presented the testimony of Corporal Edward Kropp, Sr. of the Pottstown Borough Police Department. Corporal Kropp stated that a controlled buy was arranged between [Appellant] and a confidential informant ("CI") for the evening of March 21, 2011, which ultimately occurred in the vicinity of the intersection of Beech and Evans Streets in Pottstown. The controlled buy was witnessed by Officer Michael Long. (N.T. 5/7/12, pp. 126-134).

Corporal Kropp and Officer Long testified in detail about the specifics of the controlled buy, during which they witnessed [Appellant] meeting and walking with the CI. Officer Long identified [Appellant] based upon his prior encounters with him. Officer Long observed [Appellant] reach into his pocket and appear to hand a small item to the CI. The CI returned to Corporal Kropp with a baggie containing a white substance believed to be cocaine. At trial, the parties stipulated that the substance Corporal Kropp retrieved from the CI was .14 grams of cocaine. (N.T. 5/8/12, pp. 7-18, 22, 94-106).

Corporal Kropp arrested [Appellant] on April 13, 2011, for the above-described delivery of a controlled substance. In conducting a search incident to arrest, Corporal Kropp discovered, in the right pocket of [Appellant's] cargo pants, a sandwich bag containing eighteen smaller clear baggies, each holding a white substance that appeared to be cocaine. At trial, the parties stipulated that this substance was cocaine and amounted to 3.45 grams. (*Id.* at 23, 27-28).

Detective James Vinter of the Montgomery County Detectives Bureau, Narcotic Enforcement Team, was qualified as an expert in the field of narcotics. Detective Vinter testified, with a reasonable degree of certainty based on his experience and expertise, that [Appellant] possessed with the intent to deliver

- 2 -

the 18 baggies of cocaine seized at the time of his arrest. (*Id.* at 169-178).

The conviction on Count 3 had a standard range of twenty-one to twenty-seven months, with an aggravated range of thirty-three months. [Under the then-applicable mandatory minimum sentencing provision, i]t also carried a two-year mandatory minimum sentence based on the sale occurring within 1,000 feet of a school zone. The conviction on Count 4 had a standard range of twenty-four to thirty months, with an aggravated range of thirty-six months. [Again, under the then-applicable mandatory minimum sentencing provision, i]t carried a three-year mandatory minimum sentence based on the weight of the cocaine and [Appellant's] prior possession with intent to deliver convictions.

At [Appellant's] original sentencing hearing on November 2, 2012, he did not contest application of the mandatory minimum on Count 4, but evidence was taken on the issue of the school-zone mandatory minimum. Officer Michael Breslin of the Pottstown Borough Police Department testified credibly at the hearing that the March 21, 2011 drug transaction with the CI took place less than 1,000 feet from a Montgomery County Head Start school and the Begley Hall of Saint Aloysius Parish School.

Th[e trial] court sentenced [Appellant] to five to fifteen years on Count 3, and three to fifteen years on Count 4. No penalty was imposed on the paraphernalia convictions at Counts 7 and 8.

Th[is] Court affirmed [Appellant's] judgment of sentence on direct appeal. *Commonwealth v. Guy*, 3169 EDA 2012 (Pa. Super. Sept. 4, 2013). Our Supreme Court denied [Appellant's] petition for allowance of appeal on March 25, 2014. *Commonwealth v. Guy*, 758 MAL 2013 (Pa. Mar. 25, 2014).

On August 26, 2014, [Appellant], through counsel, filed a motion to modify sentence based on *Alleyne*, which had been decided during the pendency of his direct appeal. Th[e trial] court treated the motion as

- 3 -

a timely petition under the Post-Conviction Relief Act and, with no opposition from the Commonwealth, scheduled the matter for a new sentencing hearing.

On December 2, 2014, th[e trial] court vacated [Appellant's] original sentence and, in an exercise of discretion, imposed the same aggregate term of incarceration as previously announced. [Appellant] timely filed a motion for reconsideration/modification of sentence.

In order to make clear that no mandatory minimum sentences were being applied, th[e trial] court convened another hearing on March 4, 2015. Th[e trial] court ultimately vacated the sentence imposed on December 2, 2014, and re-sentenced [Appellant] to five to ten years in prison on Count 3, followed by a consecutive term of imprisonment of three to ten years on Count 4.

[Appellant] filed a timely post-sentence motion, which th[e trial] court denied by Order dated March 11, 2015, and subsequently complied with th[e trial] court's directive that he produce a concise statement of errors in accordance with Pennsylvania Rule of Appellate Procedure 1925(b).

Trial Court Opinion, 5/15/15, at 1-4 (footnote omitted).

On appeal, Appellant presents a single issue for our review:

WHETHER THE EIGHT[-] TO TWENTY[-]YEAR[] SENTENCE OF TOTAL CONFINEMENT IMPOSED BY THE TRIAL COURT … WITH RESPECT TO [APPELLANT'S] CONVICTIONS FOR VIOLATING THE DRUG DEVICE AND COSMETIC ACT IS UNDULY HARSH, TOO SEVERE A PUNISHMENT FOR HIS PARTICULAR OFFENCE [sic], AND IN EXCESS OF WHAT IS NECESSARY FOR THE PROTECTION OF THE PUBLIC AND THEREFORE AN ABUSE OF DISCRETION[?]

Appellant's Brief at 8.

Appellant's argument pertains to the discretionary aspects of his sentence. Accordingly, we consider such an argument to be a petition for permission to appeal. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). Prior to reaching the merits of a discretionary aspects of sentencing issue, we conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. *Commonwealth v. Trinidad*, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine:

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Id.*

As noted above, Appellant filed a timely post-sentence motion and notice of appeal. He also included a Rule 2119(f) statement in his brief. *See* Appellant's Brief at 13-19. We therefore proceed to determine whether Appellant raised a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75

- 5 -

(Pa. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citations omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." **Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa. Super. 2012).

Within his petition for allowance of appeal, Appellant contends that the trial court erred by imposing an excessive sentence "outside the pertinent Guideline ranges citing reasons already considered, thereby implicating the discretionary aspects of his sentence in that the trial court sentenced him to the same sentence he previously received even though the mandatory minimum sentencing provision of the Drug Device and Cosmetic Act no longer applied to his case and the Guidelines should therefore have prevailed." Appellant's Brief at 15. Based on this contention, we conclude that Appellant has raised a substantial question. **See Commonwealth v. Hanson**, 856 A.2d 1254, 1257 (Pa. Super. 2004) (Under 42 Pa.C.S.A. § 9781(c)(3), a claim that "the sentencing court sentenced outside the sentencing guidelines," presents a substantial question.).

Although Appellant has successfully sought review of the merits of his sentencing claim, our review of the record as a whole belies Appellant's assertion of trial court error.

Our standard of review of a challenge to the discretionary aspects of sentence is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. The sentencing guidelines are not mandatory, and sentencing courts retain broad discretion in sentencing matters, and therefore, may sentence defendants outside the [g]uidelines. In every case where the court imposes a sentence ... outside the guidelines adopted by the Pennsylvania Commission on Sentencing ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. However, this requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence. Consequently, all that a trial court must do to comply with the above procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court.
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense

> and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports exist, we shall ... presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-761 (Pa. Super. 2014) (internal citations and quotations omitted).

At Appellant's sentencing hearing, the trial court expressly explained, "And just so there is no confusion and I clarify this once and for all, that the guidelines are not being applied, I have decided to re-sentence [Appellant] from the 12/2/14 sentencing." N.T., 3/4/15, at 2. The trial court continued, "The [trial c]ourt makes the [pre-sentence report] part of the record. And once again, I will state the mandatory sentences will not be applied in this matter." ***Id.*** at 3. The trial court then reviewed letters submitted by Appellant from his daughter. ***Id.*** at 4.

Thereafter, Appellant's counsel advocated for a sentence within the guidelines, and the Commonwealth, after summarizing Appellant's "substantial prior score" and criminal history, requested "a substantial sentence, much like one that Your Honor has already handed down in this case." ***Id.*** at 6, 7-8.

The trial court then explained its sentencing rationale to Appellant, on the record, as follows:

> [T]he [trial c]ourt has considered the guidelines, PPI, PSI, and I have considered your age, the information about yourself that has been presented. I have considered, as I said, the PSI and the evidence and circumstances of this offense.
>
> The facts as to your personal background and circumstances are not in dispute, except as noted. And this has been established by a verdict of guilty after a jury trial.
>
> After considering these factors, the [trial c]ourt feels there is an undue risk that during the period of probation or partial confinement you will commit another crime, you are in need of correctional treatment that can be provided most effectively by your commitment to an institution. A lesser sentence would depreciate the seriousness of your crime.
>
> I, therefore, will sentence you to total confinement, which the [trial c]ourt feels is proper in this circumstance.

*Id.* at 13-14.

The trial court added that it was incorporating the notes of testimony from the November 12, 2012 sentencing hearing "where the [trial c]ourt presents the reasons why I have sentenced [Appellant] in the aggravated range," and expressed:

> The [trial c]ourt further notes that [Appellant] shows no remorse or appreciation of his conduct in this matter. The [trial c]ourt also takes note of the fact that the location where the drugs were found, that was a school zone; and the fact that when [Appellant] was arrested only just one month later, he was found in possession of cocaine.

*Id.* at 15.

- 9 -

In addition to the above reasoning, the trial court referenced applicable legal authority supporting its sentence, stating:

> Where, as here, the sentencing court had the benefit of a presentence investigation report, it is assumed to have been "aware of relevant information regarding the defendant's character and [to have] weighed those considerations along with mitigating statutory factors." [**Antidormi**, 84 A.3d at 761] (*quoting* **Commonwealth v. Devers**, 536 A.2d 12, 18 (Pa. 1988)). Although the sentencing guidelines are not mandatory, a court that imposes a sentence outside the guidelines is required to place its reasons for doing so on the record. [**Antidormi**, 84 A.3d at 760]. In addition to sentencing a defendant outside the guidelines, the court also has the discretion to impose sentences consecutively.

Trial Court Opinion, 5/15/15, at 6.

Based on the foregoing, we discern no abuse of discretion by the trial court. Here, the record establishes that the trial court carefully considered all of the factors relevant to sentencing and imposed an individualized punishment tailored to the facts of this case, including (in the trial court's well-supported view) Appellant's significant need for rehabilitative treatment. We therefore affirm the March 4, 2015 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/21/2015</u>