J. S62029/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| DAVON C. CHAMBERS | : | |
| | : | |
| APPELLANT | : | No. 250 MDA 2016 |

Appeal from the Judgment of Sentence February 4, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005515-2006

BEFORE: GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 13, 2016**

Appellant, Davon C. Chambers, appeals from the Judgment of Sentence entered in the Dauphin County Court of Common Pleas on February 4, 2015, following the revocation of his probation and parole. We affirm.

The procedural history relevant to the instant appeal is as follows. On March 21, 2007, Appellant entered a negotiated guilty plea to two counts of Statutory Sexual Assault ("Count 1" and "Count 2"), three counts of Indecent Assault Person Less than 13 Years of Age ("Count 3," "Count 4," and "Count 5 "), one count of Indecent Assault Person Less than 16 years of

Age ("Count 6"), and one count of Corruption of Minors ("Count 7").[1] On June 26, 2007, the court sentenced Appellant to an aggregate term of 2 to 4 years' incarceration, and 10 years' probation.

On December 16, 2010, the trial court held a parole and probation revocation hearing, after which the court revoked Appellant's sentence at Count 3, a count for which Appellant initially received a sentence of probation. The court then re-sentenced Appellant to a 6 to 12 month term of incarceration. On June 4, 2011, the court granted Appellant's release.

On September 15, 2013, Appellant appeared for a second revocation hearing, following which the court imposed a 23-month intermediate punishment sentence at Count 4, with the condition that Appellant undergo sexual offender treatment. The court also sentenced Appellant to a term of 5 years' probation on Counts 4, 5, and 6.

After failing to comply with the court's order to undergo sexual offender treatment, on February 4, 2015, Appellant appeared for a third probation and parole revocation hearing. Appellant did not contest that he failed to complete treatment. Following the hearing, the trial court sentenced Appellant on Count 4 to a term of 22 to 44 months' incarceration, followed by 5 years' probation. The trial court credited Appellant 6 months and 24 days' for time served.

---

[1] 18 Pa.C.S. § 3122.1, 18 Pa.C.S. § 3126(a)(7), 18 Pa.C.S. § 3126(a)(8), and 18 Pa.C.S. § 6301(a)(1), respectively.

On February 13, 2015, Appellant filed a timely Post-Sentence Motion, seeking modification of his sentence. The Commonwealth filed a response on March 2, 2015. Appellant did not file a timely Notice of Appeal from his February 4, 2015 Judgment of Sentence. *See* Pa.R.Crim.P. 708(E) (providing that, where the trial court sentences a defendant following a violation of probation, the filing of a timely Post-Sentence Motion does not toll the running of the 30-day appeal period).

On March 18, 2015, Appellant filed a *pro se* Petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46, seeking the reinstatement of his post-sentence and direct appeal rights based upon ineffective assistance of his court-appointed counsel for counsel's failure to appeal his February 4, 2015 revocation sentence. On January 11, 2016, the court reinstated Appellant's right to file a Post-Sentence Motion within ten days or a direct appeal within thirty days.

On January 14, 2016, Appellant filed a Post-Sentence Motion, and on February 9, 2016, he filed a Notice of Appeal from the February 4, 2015, Judgment of Sentence. The trial court did not rule on Appellant's Post-Sentence Motion. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

> Whether the trial court erred in denying Appellant's Post Sentence Motion where his sentence was excessive and unreasonable and constitutes too severe a punishment in light of the alleged gravity of the offense, Appellant's

> rehabilitative needs, and what is needed to protect the public?

Appellant's Brief at 5.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In the instant case, Appellant filed a timely Post-Sentence Motion and Notice of Appeal. He also included a separate Pa.R.A.P. 2119(f) Statement in his appellate brief. As to whether Appellant has presented a substantial question, we note:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and quotation omitted).

Here, Appellant avers in his Rule 2119(f) statement that the sentence following revocation of his probation was excessive and that the trial court failed to consider mitigating factors before re-sentencing him. He claims that because he missed only two treatment sessions and was gainfully employed, his probation should not have been revoked.

An argument that the sentencing court failed to consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257-58 (Pa. Super. 2004) (citing *Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa. Super. 2003)). *See also Commonwealth v. Griffin*, 804 A.2d 1, 9 (Pa. Super. 2002) (citing *Commonwealth v. Williams*, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence)).

Moreover, we note that Appellant does not allege that his 22 to 44-month sentence is outside the statutory maximum sentence.[2] Neither does Appellant point to any specific provision of the Sentencing Code the

---

[2] As a first degree misdemeanor, the statutory maximum sentence for Indecent Assault Person Less than 13 Years of Age, 18 Pa.C.S. § 3126(a)(7), is 5 years. *See* 18 Pa.C.S. § 1104(1).

sentencing court ostensibly violated. Appellant's bald assertion that his sentence is excessive does not raise a substantial question. ***See Commonwealth v. Trippett***, 932 A.2d 188, 201-203 (Pa. Super. 2007) (bald allegations of excessiveness insufficient to permit discretionary review).

As we find that appellant has failed to raise a substantial question as to the appropriateness of his sentence, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2016