# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | |
|---|---|
| IN THE INTEREST OF: J.C.F., A MINOR | : No. 417 EAL 2018 |
| | : |
| | : |
| | : Petition for Allowance of Appeal from |
| PETITION OF: Y.F., MOTHER | : the **Unpublished Order** of the |
| | : Superior Court at No. 519 EDA 2017 |
| | : (Gantman, P.J., **Panella**, |
| | : Strassburger, JJ.), entered on , the |
| | : Order Entered of the Philadelphia |
| | : County Court of Common Pleas at |
| | : Nos. CP-51-AP-0001268-2016 and |
| | : CP-51-DP-0000085-2015 (Fernandes, |
| | : J.), entered on January 10, 2017 |
| | : |
| | |
| IN THE INTEREST OF: J.C.F., III, A MINOR | : No. 418 EAL 2018 |
| | : |
| | : Petition for Allowance of Appeal from |
| | : the **Unpublished Order** of the |
| PETITION OF: Y.F., MOTHER | : Superior Court at No. 520 EDA 2017 |
| | : (Gantman, P.J., **Panella**, |
| | : Strassburger, JJ.), entered on , the |
| | : Order Entered of the Philadelphia |
| | : County Court of Common Pleas at |
| | : Nos. CP-51-AP-0001267-2016 and |
| | : CP-51-DP-0000084-2015 (Fernandes, |
| | : J.), entered on January 10, 2017 |
| | : |

## <u>DISSENTING STATEMENT</u>

**JUSTICE WECHT**                                    **FILED:  December 21, 2018**

Because a limited grant of allowance of appeal is warranted in this case, I respectfully dissent from the Court's decision to deny review.

Y.F. ("Mother") raises six issues in her petition for allowance of appeal. Of those, three appear to be recurring in termination of parental rights ("TPR") cases. This Court should take this opportunity to address them.

The first issue is the continuing viability of *In re B.L.L.*, 787 A.2d 1007 (Pa. Super. 2001). In *B.L.L.*, the Superior Court noted that this Court had decided not to create a requirement that a child testify at a TPR hearing. *Id.* at 1011 (citing *In re Child M.*, 681 A.2d 792 (Pa. 1996)). The court then cited the bifurcated nature of the termination inquiry to declare that a child's testimony would not be relevant to the termination proceedings. *Id.* at 1014. The court then proceeded unequivocally to state that the testimony of a child is not even permitted in a TPR proceeding. *Id.*

This Court's decision in *In re L.B.M.*, 161 A.3d 172 (Pa. 2017), did not explicitly overrule *B.L.L.*, because *L.B.M.* spoke to the requirement of counsel for the child, and not whether the child could or could not testify at the TPR hearing. However, a majority of the Court in *L.B.M.* and in *In re T.S.*, 192 A.3d 1080 (Pa. 2018), did indicate that the conflict between the child's best and legal interests is the chief concern in determining whether counsel should be appointed. The TPR court or child's counsel (or the guardian *ad litem* ("GAL")) may not be able to determine those interests without the child's testimony. Further, counsel (or the GAL) may decide that it is necessary for the child, particularly an older child, as in this case, to testify in order to illuminate fully the child's legal interest. Additionally, as Judge Strassburger noted incisively in his concurring memorandum in this case, the child's testimony could be highly relevant to the TPR court's consideration of 23 Pa.C.S. § 2511(b), in which the court must determine whether termination is in the child's best interests, including consideration of the bond between the parent and child. Because *B.L.L.* has been authoritatively invoked as an outright ban

on children testifying at a TPR hearing, it should be reconsidered in light of *L.B.M.* and *T.S.*

Second, compounding the issue of a blanket refusal to permit testimony of the child is the admission of effectively unchallengeable hearsay testimony from the case manager about the child's wishes. Not only is the parent unable to obtain testimony directly from an available, competent child, but the parent then can be prejudiced by hearsay statements admitted through the child welfare agency personnel, hearsay that the parent cannot meaningfully cross-examine. Too often, hearsay statements of children are admitted rotely and perfunctorily through Pa.R.E. 803(3), without any true consideration of whether the child's statement actually reflects the child's "then existing state of mind" and as a method in practice to admit any and all alleged out-of-court statements by children who either do not or cannot testify. And so, the exception comes to devour the rule.

There is no "child statement exception" to the rule against hearsay, and there is (and can be) no claim by the Department of Human Services that the law prescribes a different legal standard for admitting hearsay statements when made by children. This is a particularly troubling concern when the hearsay admitted goes directly to the ultimate question of whether parental rights should be terminated. Further, this problematic issue is not limited to TPR cases; Rule 803(3) often is used without sufficient analysis to admit on a blanket basis similar types of hearsay in child custody litigation. For these reasons, this Court should address the issue of when and under what circumstances hearsay statements of children may be admitted.

Third, and finally, I remain concerned about the Superior Court's *post hoc* harmless error ratification of the trial court's failure to appoint counsel for the child. *See In re J.C.F.*, 2018 WL 2398974 at *1 n.3. As I expressed in *T.S.*, the Superior Court appears to be

determining that, if the evidence was sufficient to support the termination of parental rights, then, *ipso facto*, the trial court did not err in failing to appoint counsel. *T.S.*, 192 A.3d at 1104 (Wecht, J. concurring and dissenting). The standard is not whether the TPR was justified; the standard is whether there is a conflict between the child's legal and best interests. The trial court did not have the benefit of *L.B.M.* and, therefore, its failure to determine whether a conflict exists is understandable. However, the Superior Court did have the standard, and did not apply it. Despite the fact that a clear majority of this Court in *L.B.M.* held that failure to appoint counsel is a structural error, the Superior Court continues to apply a harmless error standard. *Id.* (discussing *In re D.L.B.*, 166 A.3d 322 (Pa. Super. 2017)). This Court should address this issue so that the Superior Court has guidance on the standard of review for future cases.

For the foregoing reasons, I would have granted review in this case, limited to three issues, which I would frame as follows:

1. Should there be a categorical rule that children are not permitted to testify at a contested termination of parental rights proceeding?

2. Did the trial court commit an error of law or abuse its discretion when it admitted hearsay statements of the child pursuant to Pa.R.E. 803(3)?

3. Did the Superior Court err in applying a harmless error standard in reviewing the trial court's failure to appoint counsel for the child?

\*　　\*　　\*

I am confident that future litigation eventually will bring these unsettled issues to this Court in some form, in some combination, at some time. In the meantime, however, parental rights to many children will be terminated under standards imposed by trial court practices that may be inconsistent and in some instances erroneous.