J-S04029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAVAR L. THOMPSON, | |
| Appellant | No. 902 MDA 2014 |

Appeal from the Judgment of Sentence entered March 20, 2014,
in the Court of Common Pleas of Dauphin County,
Criminal Division, at No(s): CP-22-CR-0003090-2013

BEFORE:  BOWES, ALLEN, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED FEBRUARY 11, 2015**

Shavar L. Thompson, ("Appellant"), appeals from the judgment of sentence imposed after a jury convicted him of three counts of delivery of a controlled substance.[1]  We affirm.

Appellant's convictions arose after the Harrisburg Bureau of Police received information from a confidential informant that Appellant was selling crack cocaine in the City of Harrisburg.  Trial Court Opinion, 10/21/14, at 2. Thereafter, Harrisburg Police Detectives Dennis Simmons and Donald Heffner, along with Patrolman Olivia Conner of the Pennsylvania State

---

[1] 35 P.S. § 780-113(a)(30).

*Retired Senior Judge assigned to the Superior Court.

Capitol Police, arranged three controlled cocaine purchases between Appellant and the confidential informant and/or an undercover police officer, on May 10, 2013, May 16, 2013 and June 3, 2013. The trial court summarized the procedural history that followed:

> Appellant, Shavar Thompson, was arrested in connection with drug transactions that took place on May 10, May 16, and June 3, 2013, in Harrisburg, Pennsylvania. Appellant was charged with three counts of Unlawful Delivery of a Controlled Substance, and one count of Possession With Intent to Deliver a Controlled Substance. After a jury trial held on March 18-19, 2014, Appellant was found not guilty of Count 1 (PWID) and guilty on Counts 2, 3 and 4 (Delivery). He was sentenced that same day to an aggregate term of incarceration of forty-five (45) to one hundred eight (108) months along with $1500 in fines, payment of the costs of prosecution.
>
> Appellant filed a timely post-sentence motion on March 25, 2014, which [the trial court] denied on April 28, 2014. Subsequently, on May 28, 2014, Appellant timely filed the instant appeal. [Both Appellant and the trial court have complied with Pa.R.A.P. 1925].

Trial Court Opinion, 10/21/14, at 1-2.

Appellant presents two issues for our review:

I. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST-SENTENCE MOTION WHERE THE JURY'S VERDICT OF GUILTY ON ALL COUNTS WAS AGAINST THE WEIGHT OF THE EVIDENCE WHERE THE COMMONWEALTH FAILED TO PROVE THAT APPELLANT COMMITTED THE CRIMES CHARGED?

II. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST-SENTENCE MOTION AS APPELLANT'S SENTENCE IS EXCESSIVE AND UNREASONABLE WHERE IT IS INCONSISTENT WITH THE GRAVITY OF THE VIOLATION AND APPELLANT'S REHABILITATIVE NEEDS AND WHERE

THE PUNITIVE MEASURES INHERENT IN THIS SENTENCING SCHEME COULD HAVE BEEN ACCOMPLISHED WITH THE IMPOSITION OF A LESSER SENTENCE?

Appellant's Brief at 6.

In his first issue, Appellant challenges the weight of the evidence.[2] Our scrutiny of whether a verdict is against the weight of the evidence is governed by the principles set forth in **Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003) (citations omitted):

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice.

---

[2] In its Pa.R.A.P. 1925(a) opinion, the trial court concluded that Appellant had waived his weight of the evidence claim. **See** Trial Court Opinion, 10/21/14, at 10. The trial court observed that although, in his concise statement, Appellant raised a challenge to the weight of the evidence, the substance of his claim (that the Commonwealth "failed to prove he committed the crime charged") was truly a sufficiency claim. The trial court reasoned that "when a defendant makes a weight of the evidence claim 'he concedes that sufficient evidence exists to sustain the jury's verdict.' **Commonwealth v. Rosetti**, 863 A.2d 1185, 1191-1192 (Pa. Super. 2004)." **Id**. The trial court concluded that "Appellant's weight of the evidence claim must fail as he supports his claim by asserting that the Commonwealth ... failed to present sufficient evidence to sustain the jury's verdict" which "did not present a weight of the evidence claim" that the trial court could consider. **Id**.

Upon review, however, we disagree, and conclude that Appellant's weight of the evidence claim has been adequately developed to preserve it for appellate review. Accordingly, we address the merits of Appellant's weight of the evidence challenge.

Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

Appellant argues that the Commonwealth's evidence was contradictory and unreliable and could not support a guilty verdict. Appellant's Brief at 18-19. Specifically, Appellant asserts that the detectives' testimony was not credible because Detective Heffner, who was present during the May 16, 2013 cocaine purchase, was unable to see Appellant and the confidential informant engage in a hand-to-hand transaction, although he was "a mere half block" away. *Id*. at 19. Appellant claims that he did not sell cocaine to the confidential informant on May 16, 2013, but "met the CI in the alleyway out of the purview of his girlfriend since he and the CI were sexually intimate. When the CI asked Appellant to do drugs, Appellant refused and walked away." *Id*. at 18. Additionally, Appellant argues that the testimony of Detectives Heffner and Simmons conflicted with regard to Appellant's location at the time of his arrest, specifically, whether Appellant was inside or outside the police vehicle. Appellant's Brief at 18-19. Accordingly, Appellant argues that the trial court erred in denying his post-sentence motion for a new trial.

"A new trial is warranted on a challenge to the weight of the evidence only if the verdict is so contrary to the evidence as to shock one's sense of

justice. Furthermore, issues of credibility are left to the trier of fact; the jury is free to accept all, part, or none of the witness testimony." ***Commonwealth v. Russell***, 665 A.2d 1239, 1246-1247 (Pa. Super. 1995) (citations omitted). Here, the jury found the detectives' testimony regarding the controlled purchases of cocaine from Appellant to be credible, and did not find any of the slight variations in the testimony to affect credibility. ***See*** N.T., 3/18-19/14, at 39-97. While Appellant asserts that the testimony of the Commonwealth's witnesses was unreliable and contradictory, credibility determinations are for the jury to resolve, and we will not disturb such credibility determinations on appeal. ***See Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 541 (Pa. Super. 1995) (it is solely for the finder of fact to determine the credibility of witnesses and to resolve any conflicts or inconsistencies in the evidence). Although Appellant testified to a different version of events, and asserts that his testimony was more credible than the Commonwealth's, the jury, within its province as fact finder, was free to disbelieve Appellant's version of events and credit the testimony of the Commonwealth's witnesses. We reiterate that questions of credibility and evidentiary weight are within the sole discretion of the jury, which we will not disturb on appeal. Upon review, we find no error in the trial court's determination that the verdict does not shock one's sense of justice. ***Champney, supra***.

In his second issue, Appellant argues that the trial court abused its discretion when it sentenced him to a term of imprisonment of forty-five (45) to one hundred and eight (108) months. Appellant's Brief at 20-22. A challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa. Super. 2004).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted).

Appellant has preserved his claim by filing a post-sentence motion and timely notice of appeal. Appellant has additionally included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 14-16. Therefore, we proceed to determine whether Appellant has raised a substantial question for our review.

Appellant argues that a sentence of forty-five (45) to one hundred and eight 108 (108) months of imprisonment was inappropriate in light of Appellant's age, community service, and efforts to rehabilitate himself. Appellant's Brief at 16, 22. "[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question, whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected." **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1266 (Pa. Super. 2014) *quoting* **Commonwealth v. Dodge**, 77 A.3d 1263, 1272 n. 8 (Pa. Super. 2013). Here, Appellant essentially asserts that the court failed to weigh appropriately the mitigating facts of record. Such a claim that the court failed to consider facts of record does not constitute a substantial question. Therefore, we deny Appellant's sentencing claim.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/11/2015

- 7 -