J-S16023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LARRY SHOWALTER, | |
| Appellant | No. 1049 WDA 2016 |

Appeal from the Judgment of Sentence entered June 22, 2016,
in the Court of Common Pleas of Bedford County,
Criminal Division, at No(s): CP-05-CR-0000132-2013.

BEFORE:  MOULTON, RANSOM, and PLATT,* JJ.

MEMORANDUM BY RANSOM, J.:                **FILED SEPTEMBER 08, 2017**

Appellant Larry Showalter appeals from the judgment of sentence imposed on June 22, 2016.  We affirm.

The pertinent facts and procedural history, as gleaned from our review of the certified record are as follows.  The multiple charges brought against Appellant stem from allegations made by his biological daughter that he raped her on multiple occasions when she was between the ages of 8 and 11.  On June 19, 2014, a jury convicted Appellant of two counts of rape of a child, two counts of involuntary deviate sexual intercourse (IDSI), two counts of aggravated indecent assault, two counts of incest, endangering the

_____
*Retired Senior Judge assigned to the Superior Court.

welfare children, corruption of minors, and three counts of indecent exposure.[1] Appellant was found not guilty of an additional fourteen charges. After an evidentiary hearing on September 24, 2014, the trial court designated Appellant a sexually violent predator and sentenced him to an aggregate term of 60-120 years of imprisonment.

Appellant filed a timely appeal to this Court in which he asserted trial court error in its admission of hearsay statements made by the victim, as well as a challenge to the discretionary aspects of his sentence. Although we concluded that the trial court erred in admitting the statements as an excited utterance, we found the error harmless because the victim had already made the same statements in her own testimony at trial. We then raised *sua sponte* the issue of whether Appellant's sentence, which included the application of mandatory minimums, was illegal in light of the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), and subsequent Pennsylvania cases applying the **Alleyne** holding, including **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014). Because these cases concluded that the application of the mandatory minimums were unconstitutional, we vacated and remanded for

---

[1] 18 Pa.C.S. §§ 3121(c), 3123(b), 3125(a)(7), 4302, 4304(a)(1), 6301(a)(i), and 3127(a), respectively.

resentencing. *See Commonwealth v. Showalter*, 145 A.3d 770 (Pa. Super. 2016 (unpublished memorandum).

Upon remand, Appellant was resentenced on June 22, 2016, to an aggregate term of 56-120 years. The trial court denied Appellant's timely-filed motion for reconsideration of sentence. This appeal follows.[2] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

I. WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN SENTENCING APPELLANT CONSECUTIVELY ON SEVERAL COUNTS OUTSIDE THE GUIDELINES, FAILING TO PROPERLY CONSIDER MITIGATING FACTORS, AND IMPOSING AN OVERALL EXCESSIVE SENTENCE?

Appellant's Brief at 6.

A challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa. Super. 2004). When an appellant challenges a discretionary aspect of sentencing, we must conduct a four-part analysis before we reach the merits of the appellant's claim. *Commonwealth v.*

---

[2] In a prior memorandum, we remanded the case for the preparation and filing of either a petition to withdraw and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), or an advocate's brief. Appellant's counsel has filed the latter, and the trial court has addressed the issue raised therein. Thus, the appeal is ready for disposition.

*Martin*, 611 A.2d 731, 735 (Pa. Super. 1992). In this analysis, we must determine: (1) whether the present appeal is timely; (2) whether the issue raised on appeal was properly preserved; (3) whether Appellant has filed a statement pursuant to Pa.R.A.P. 2119(f); and (4) whether Appellant has raised a substantial question that his sentence is not appropriate under the Sentencing Code. *Id.*

In the instant case, Appellant timely filed a notice of appeal and properly preserved his claim in a post-sentence motion. Additionally, Appellant has complied with Pa.R.A.P. 2119(f). *See* Appellant's Brief at 11. We must therefore determine whether Appellant has raised a substantial question for our review.

A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Code or is contrary to the fundamental norms underlying the sentencing process. *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citations omitted). Here, Appellant argues that the trial court erred in sentencing him consecutively on several counts, including the statutory maximum on two counts of incest. *See* Appellant's Brief at 10. He also asserts that the trial court "did not properly consider mitigating factors such as the fact that the victim did not report the assaults until five years after it ceased and [he] had no legal troubles whatsoever during those five years." *Id.* Additionally, Appellant claims that the trial court failed to consider his "excellent institutional behavior as shown by the

updated PSI." ***Id.*** Finally, Appellant argues that his overall sentence is excessive because it amounts to a life sentence for him. ***Id.***

This Court has held that a challenge to the imposition of consecutive sentences as unduly excessive, together with a claim that the trial court failed to consider a defendant's rehabilitative needs when fashioning its sentence presents a substantial question. ***Commonwealth v. Bonner***, 135 A.3d 592 (Pa. Super. 2016). Thus, we will consider the merits of Appellant's claim.

Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion, which in this context, is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. ***Commonwealth v. Shull***, 148 A.3d 820 (Pa. Super. 2016).

Before resentencing Appellant, the trial court noted for the record that it had re-read the original sentencing transcript, which included the victim's statement, as well as an update on Appellant's behavior while incarcerated. The court then heard argument from counsel for both parties and granted Appellant allocution. The trial court then stated the following:

> THE COURT: Okay, All right. Well, I'll note my view on the sentencing. It really hasn't changed in any way in the case. I'll still give the same reasons I gave at the prior sentencing.

***

And [the original sentence] I imposed - - although, I imposed it mainly due to mandatory minimums that were applicable at the last time at sentencing, I still think that's an appropriate sentence given the circumstances here.

For those reasons being: The age of the victim. [] I know the Rape of a Child takes that into consideration that she's under the age of 13. In this case the victim was very, very young at the time of the offense. She was in third grade. She was eight-years-of-age [sic]. There was also testimony regarding that at various points she complained [to Appellant] that the acts that were committed on her caused her pain. And nonetheless [Appellant] continued to do it.

Also, also [sic] the big point: None of these, the Rape of a Child, and the IDSI, do not take into consideration the relationship between [Appellant] and the victim which was a big part of the reason for the reasons [sic] for my lengthy sentence at the time. [Appellant] not only broke down the barriers of an adult male and a female child, but also the very strong barrier that one, that a person should have in a civilized society of not molesting your own children.

The other aspect [is] that we found [Appellant] to be a Sexually Violent Predator. That standing has not been disturbed by the Appellate Courts. So, there's a finding here that he not only suffers from a mental abnormality, but [Appellant's] likely to [re]offend in our opinion, and also the opinion of the Sex Offender's Assessment Board.

N.T., 6/22/16, at 13-14.

The trial court also expounded on Appellant's lack of remorse:

And the other reason that I think I may be touched on, in general his lack of remorse. I'll stress that a little bit stronger today because while it's completely [Appellant's] Constitutional right to take to, to take the matter to trial, I'm not going to punish him, or sentence him in any way based on that.

But I have a hard time believing as I said I think at the last sentencing proceeding just a complete denial of anything when especially one of the statements on the tapes made was that his

discussion with his own daughter that when she wanted to question him about the allegations. And [Appellant's] statement was that he didn't stick it all the way up inside of her.

I have a hard time rectifying that there's no grasp of any remorse, or anything like that. Like I said: I'll stress that more today because apparently [Appellant] to date here wants to talk about things that are completely extraneous even to this case. [Appellant] wants to take about things such as accepting value for other things, and doesn't even want to discuss the case.

So, I find there's even more, a complete lack of remorse, and even a grasp of the seriousness of what he did in this case. So, I think essentially the same sentence is appropriate in this case.

\*\*\*

THE COURT: Again, I'm not sentencing in accordance [with] what the mandatory minimums were, but given the effect on the victim, the relationship to the actions that [Appellant] did, and all of those things wrapped up into the protection of the public, the gravity of the offense, and then [Appellant's] rehabilitative needs.

N.T., 6/22/16, at 13-16.

The trial court then imposed its new sentence on all of the counts and made the following additional comments:

The sentence is a standard-range sentence on all of the other counts except for Incest. And my reasons for that are that the Incest Counts do not take into account - - they take into account [Appellant's] relationship with the victim. But, as I stated at the prior sentencing hearing, they do not take into account the victim's age.

So in other words [Appellant] could have been convicted of [incest] even if the victim was 21, and it was consensual. So, that Guideline range does not take that into account. And given the victim's very young age in this case, and that she couldn't consent, I think that warrants a departure from the Guidelines on, on that offense from [sic]. It's a standard range Guideline sentence in all other respects.

- 7 -

It is the intended aggregate sentence of the Court to be fifty-six (56) years to one-hundred twenty (120) years.

And my reason for the overall sentencing structure of that is, again, the very young age of the victim which is not necessarily taken into account on the Guideline ranges for the Rape, the IDSI, and the Aggravated Indecent Assault. It does take into account she's under 13. But, again, she was eight–years-of age [sic]. [Appellant] is a Sexually Violent Predator.

Again, there were circumstances that she testified to that caused her pain. And nonetheless [Appellant] still continued in this course of conduct, his lack of remorse here today, and the fact that the Rape of a child, the IDSI, and the Aggravated Indecent Assault, don't take into accounts [sic] that this was his own daughter.

As far as the overall sentencing structure, the fifty-six (56) to one-hundred twenty [(120)] years that I've run a lot of these consecutive to one another. I feel that I'm just giving a force and effect to the jury's verdict in the case on several accounts that the jury found him not guilty [sic].

I think given her testimony in the case, but there was clear testimony each one of the counts that they did convict him on were separate instances. In fact [the victim] testified to about [sic] separate counts of the Aggravated Indecent Assault, the Rape of a Child, and IDSI.

So, I think just to give effect to the length [of time] that the molestation took, took place in, and given her age, I think this is an appropriate sentence. And, again, in consideration with the protection of the public, [Appellant's] rehabilitative needs, and the gravity of the offenses.

So, the intended aggregate sentence is fifty-six (56) to one-hundred-twenty (120). The remaining counts of the information are nolle prossed. Bail is revoked.

N.T., 6/22/16, 20-22.

Given these lengthy comments, the trial court provided ample reasons for its sentencing choice. Our review of the sentencing transcript confirms

the trial court's finding regarding the lack of remorse. When addressing the court, Appellant, rather than discussing the case and the effect of his crimes on his daughter, he stated that that he would "accept for value any offers that are presented to me," and then he "formally request[ed] that [the trial court] specify to him on the record exactly what statute, or statutes, authorize you to impose the sentence you are imposing at this time." *Id.* at 11.

Moreover, as the trial court noted, except for the incest convictions, the sentence imposed fell within the standard range. When the trial court has the benefit of a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (discussing *Commonwealth v. Devers*, 546 A.2d 12, 18-19 (Pa. 1988)).

Finally, the instant case is not one in which the imposition of consecutive sentences results in an overall excessive sentence. "[T]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Austin,* 66 A.3d 798, 808 (Pa. Super. 2013) (citation omitted). No such extreme circumstances are present here. Indeed, the trial court ran several counts concurrent to those it imposed consecutively. *See* N.T., 6/22/16, at 18-19. The court

also provided its reasons for departing from the guideline ranges for the incest convictions.

In sum, given consideration of the trial court's reasons for imposing the new sentence upon Appellant, we discern no abuse of discretion and affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2017