J-S25021-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL A. OFFEN | : | |
| | : | |
| Appellant | : | No. 1364 WDA 2017 |

Appeal from the Judgment of Sentence June 29, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0012384-2016

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                 FILED SEPTEMBER 17, 2018

Michael A. Offen appeals the judgment of sentence entered in the Allegheny County Court of Common Pleas following a guilty plea. Offen challenges the discretionary aspects of the trial court's sentence. We affirm.

The relevant facts and procedural history are as follows. On April 24, 2017, Offen entered a guilty plea to the charges of endangering welfare of children, corruption of minors, and indecent assault.[1] The charges arose from Offen's repeated fondling of his eight year-old daughter, with both his hand

_____

[1] 18 Pa.C.S.A. §§ 4304(a)(1), 6301(a)(1)(ii), and 3126(a)(7), respectively. Additionally, pursuant to the terms of the plea, the welfare of children and indecent assault convictions would be considered course of conduct offenses, increasing the grading of these offenses from first-degree misdemeanors to third-degree felonies. See 18 Pa.C.S.A. §§ 4304(b)(1)(ii) and 3126(b)(3)(ii), respectively.

and a vibrator. In exchange for his plea, the Commonwealth withdrew four additional charges.

Prior to imposing the sentence, the court considered a pre-sentence investigation ("PSI"), the arguments of counsel, victim impact statements from both the victim and her mother, a statement from Offen's adult daughter, and Offen's allocution. Ultimately, the court sentenced Offen to 3 to 6 years' imprisonment for endangering the welfare of children, 3 to 6 years' imprisonment for corruption of minors, and 3 to 6 years imprisonment for indecent assault. These sentences deviated from the sentencing guidelines. The court ordered these sentences to be served consecutively, for an aggregate sentence of 9 to 18 years' imprisonment.

Offen filed a timely post-sentence motion challenging the discretionary aspects of his sentence, which the court denied. This timely appeal follows.

On appeal, Offen contends that the court abused its discretion in imposing sentence. Offen concedes that this challenge implicates the discretionary aspects of the court's sentence.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." Commonwealth v. McAfee, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). "An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test." Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted). This test requires us to

determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; 2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Id. (citation omitted; brackets in original).

Here, Offen has met the first three parts of the test by filing a timely notice of appeal, preserving his challenge in a post-sentence motion, and including the requisite Rule 2119(f) statement in his brief. Thus, we look to his Rule 2119(f) statement to determine whether he has met the fourth part of this test by raising a substantial question for our review.

To raise a substantial question, Offen must show that his "sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." Commonwealth v. Tirado, 870 A.2d 362, 365 (Pa. Super. 2005) (citation omitted). Offen's claim is that the trial court imposed an unreasonable sentence by sentencing him outside the guidelines[2] without offering specific reasons for the sentence "that comport with the

_____

[2] At the time of Offen's sentencing, the parties agreed that the standard range sentence for all of his offenses was 3 to 12 months' imprisonment, plus or minus 6 months. Therefore, a minimum sentence of 36 months for each conviction is above the aggravated range of the sentencing guidelines.

considerations required in 42 Pa.C.S.[A]. § 9721(b)."[3] Appellant's Brief, at 11.

This claim raises a substantial question for our review. See generally Commonwealth v. Hanson, 856 A.2d 1254, 1257 (Pa. Super. 2004) (finding a claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guidelines presents a substantial question).[4]

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

_____

[3] Offen's lengthy and convoluted Rule 2119(f) statement contains citations to numerous situations in which our court has found substantial questions for review. See Appellant's Brief, at 11-13. However, Offen does not appear to claim that any of these substantial questions exist in his case. See id. Therefore, we did not consider them in our analysis of whether Offen raised a substantial question for our review.

[4] Offen attempts to raise additional claims in the argument section of his brief, i.e., that the trial court abused its discretion by imposing the sentences consecutively, that the court failed to place its reason for the sentence on the record, and that the court considered improper factors in imposing sentence. See Appellant's Brief, at 19-23. However, because Offen failed to include these issues in his statement of questions involved and in his Rule 2119(f) statement, we cannot consider them. See Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); Pa.R.A.P. 2116(b) ("An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall include any questions relating to the discretionary aspects of the sentence imposed … in the statement required by paragraph (a).") See also Commonwealth v. Provenzano, 50 A.3d 148, 154 (Pa. Super. 2012) "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists.")

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Shugars, 895 A.2d 1270, 1275 (Pa. 2006) (citation omitted).

> Where an excessive sentence claim is based on deviation from the sentencing guidelines, we look for an indication that the sentencing court understood the suggested sentencing range. When there is such an indication, the sentencing court may deviate from the sentencing guidelines
>
> > to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offenses as it relates to the impact on the life of the victim and the community, so long as the court also states of record the factual basis and specific reasons which compelled him to deviate from the guideline range.
>
> Thus, simply stated, the sentencing guidelines are merely advisory and the sentencing court may sentence a defendant outside the guidelines as long as the sentencing court places its reasons for doing so on the record.

Tirado, 870 A.2d at 366 (citations omitted).

To begin, the court had the benefit of a presentence investigation report. See N.T., Sentencing, at 2. Thus, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself .... Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

Commonwealth v. Hallock, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted). See also Tirado, 870 A.2d at 368.

Additionally, at sentencing, the court heard the arguments of counsel, heard the victim impact statements from both the victim and her mother, read a statement from Offen's adult daughter, and heard Offen's allocution. The court referenced the guidelines and was well aware that the sentence imposed departed from the sentencing guidelines. See N.T., Sentencing, 6/29/17, at 2, 18. The court made it clear it had considered the § 9721(b) sentencing factors, including Offen's lack of a prior record score, guilty plea, service to the county, and disability. See id., at 16-17. However, the court found it necessary to depart from the guidelines because Offen had repeatedly violated his eight-year old biological daughter, with his hand and a vibrator. See id., at 16-17.

Based upon our review of the sentencing transcript, we find no merit to Offen's contention that the trial court failed to consider the sentencing factors. We cannot find, under these circumstances, that the trial court abused its discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/17/2018