J-A20028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FLETCHER GRADY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN NELSON AND LISA ANN | : | |
| NELSON | : | |
| | : | No. 2115 EDA 2021 |
| | : | |
| APPEAL OF: BRIAN NELSON | : | |

Appeal from the Order Entered September 10, 2021
In the Court of Common Pleas of Chester County
Civil Division at No: 2017-09268

BEFORE: STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.: **FILED NOVEMBER 20, 2023**

In our October 21, 2022 opinion, we reversed the trial court's denial of Appellant Brian Nelson's petition to strike and/or open a $1 million default judgment due to service of all documents subsequent to the writ of summons on a non-existent address. We also remanded for further proceedings. We found it noteworthy that after counsel for Appellee Fletcher Grady entered judgment and obtained an assessment of damages of $1 million, he served discovery requests in aid of execution at an address where Appellant could be served. We noted our disapproval of these tactics as suggesting bad faith and an abuse of the rules governing service of legal documents.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellee petitioned for allowance of appeal to our Supreme Court, which was denied on October 12, 2023. The case has been remanded to this Court and awaits remand to the trial court. Presently pending before us is Appellant's "Application For Attorney's Fees, Costs And Other Relief Pursuant To Pennsylvania Rules Of Appellate Procedure 127 And 2744." The Application requests us to award costs against Appellee under Pa.R.A.P. 2743, 2744 and 2771. In addition, as a result of further pre-trial proceedings in the trial court while the petition for allowance of appeal was pending before the Supreme Court, Appellant requests guidance, which we interpret as clarification, with respect to our October 21, 2022 opinion, as to how the trial court should proceed in response to our opinion. On November 13, 2023, Appellee filed an answer to the Application.

1.    The Applicable Rules.

Pennsylvania Rules of Appellate Procedure 2741, 2742, 2744, 2751, 2762 and 2771 are pertinent to the Application. These Rules provide as follows:

**Rule 2741. Parties Entitled to Costs.**

Except as otherwise provided by law:

(1)  If an appeal or other matter is dismissed, costs shall be taxed against the appellant or other moving party in the appellate court unless otherwise agreed by the parties or ordered by the court.

(2)  If an order is affirmed, costs shall be taxed against the appellant unless otherwise ordered.

2

(3) If an order is reversed, modified or vacated with a direction for a new trial, costs shall be taxed against the appellee, unless otherwise ordered, or unless the appellee causes the matter to be retried below within one year after the remand of the record, in which event the liability for costs shall follow the final judgment on such retrial unless otherwise ordered.

(4) If an order is reversed, without a direction for a new trial, costs shall be taxed against the appellee unless otherwise ordered, or unless the lower court shall determine that the matter is not finally closed between the parties, and the appellee shall bring a new action against the appellant within 30 days after such determination, in which event the liability for costs shall follow the final judgment in such second or other matter relating to the same cause of action.

(5) If an order is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court.

## Rule 2742. Costs of Briefs and Reproduced Records

The cost of printing or otherwise producing necessary copies of briefs and reproduced records, including copies of the original record reproduced under Rule 2151(a) (consideration of matters on the original record without the necessity of reproduction) shall be taxable, except as otherwise ordered pursuant to Rule 2155 (allocation of cost of reproduced record) at rates not higher than those generally charged for such work in this Commonwealth.

## Rule 2744. Further Costs. Counsel Fees. Damages for Delay.

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee and

(2) damages for delay at the rate of 6% *per annum* in addition to legal interest, if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case

3

to the trial court to determine the amount of damages authorized by this rule.

**Rule 2751. Applications for Further Costs and Damages.**

An application for further costs and damages must be made before the record is remanded, unless the appellate court, for cause shown, shall otherwise direct. Such an application must set forth specifically the reasons why it should be granted, and shall be accompanied by the opinion of the court and the briefs used therein. An application for further costs and damages shall contain the certificate of compliance required by Pa.R.A.P. 127.

**Rule 2762. Procedure for Collection of Costs in Appellate Courts and on Appeal.**

(a) General rule.—Costs on appeal from a lower court shall be collected in the same manner as costs taxed in such court are collected.

(b) Commonwealth Court.—Costs in the Commonwealth Court which are not collectable under Subdivision (a) of this rule shall be entered by the Prothonotary of the Commonwealth Court as a judgment against the party liable therefor and shall be collected in the same manner as other judgments of the Commonwealth Court are enforced.

**Rule 2771. Costs on Appeal Taxable in the Lower Court.**

Costs incurred in the preparation and transmission of the record, the costs of the notes of testimony or other transcript, if necessary to a determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the notice of appeal, shall be taxed in the lower court as costs of the appeal in favor of the party entitled to costs under this chapter.

2.    Counsel Fees Under Pa.R.A.P. 2744.

Appellant requests counsel fees under Pa.R.A.P. 2744 on the ground

that Appellee's brief in this Court made baseless accusations against counsel

for Appellant and frivolous arguments. Application at ¶¶ 68, 70. This Court has the authority to award counsel fees under Rule 2744 if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. By its clear language, fees awarded on appeal only pertain to conduct on appeal. The rule does not provide for the awarding of fees for conduct that occurred in the lower court from which the appeal is taken. *See Pennsylvania Turnpike Commission v. Electronic Transaction Consultants Corporation*, 230 A.3d 548, 562 (Pa. Cmwlth. 2020) (under Rule 2744, "an appellate court has no power to award counsel fees for matters pertaining to the conduct *in the proceedings below* but may only award them for frivolous appeals or dilatory, obdurate, or vexatious conduct of a party *on appeal*") (emphasis in original; citations omitted). While we expressed serious reservations as to what occurred with service in the lower court, it was Appellant Nelson that took this appeal, and certainly our decision demonstrates that the appeal was not frivolous or taken for an improper purpose. Although Appellant prevailed in this appeal, we find that none of Appellee's conduct **in this Court**, including the contents of his brief,

5

constituted conduct warranting an award of fees under 2744. Accordingly, the request for an award of fees under 2744 is denied.[1]

3.     Request for Costs Under Pa.R.A.P. 2741.

Although Rule 2741 is not referenced in his application, Appellant has attached a bill of costs to his application that include costs for appellate filing fees[2] and the costs for producing briefs and the reproduced record.[3] Regrettably, Rule 2741 is not a model of clarity in that it does not expressly address all instances under which a party is successful on appeal. Here, we reversed the denial of a petition to strike a default judgment and remanded the matter back to the trial court for further proceedings. Presumably, those proceedings will commence with the filing of Appellant's answer and new matter and the close of the pleadings before other pre-trial matters are completed prefatory to trial. Arguably, only subdivision (4) of Rule 2741 may be applicable, as the other subdivisions apply only where (1) an appeal is

_____

[1] 42 Pa.C.S.A. § 2503(7) provides reasonable counsel fees may be taxed in a matter as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter. Our determination that Rule 2744 does not permit us to tax as costs counsel fees other than for what may occur on appeal is without prejudice to Appellant's right to seek relief under Section 2503(7) for conduct in the trial court.

[2] **See** Pa.R.A.P. 2771, **supra**.

[3] **See** Pa.R.A.P. 2742, **supra**. Appellant's bill of costs also requests the cost of the bond premium made necessary to take this appeal. We address that item, *infra,* as costs for bonds are treated separately under Rule 2771.

dismissed, (2) an order is affirmed, (3) an order is reversed, modified or vacated with a direction for a new trial, or (4) an order is affirmed or reversed in part or vacated.

Subdivision (4) provides for an award of costs against the appellee where an order is reversed. The rule recognizes, however, the possibility that an order of reversal may not necessarily close a matter between parties. *See* G. Ronald Darlington, Kevin J. McKeon, Daniel R. Schuckers, Kristen W. Brown, & Patrick S. Cawley, Pennsylvania Appellate Practice 2d § 2741(6) (2021-2022 ed. Dec. 2021) ("Darlington"). In such a case, if the trial court determines that the matter is not closed and the appellee brings a new action within 30 days of that determination, taxation of costs shall be deferred until after final judgment on retrial. *Id.* The court has discretion to order a different result. *Id.* & n.2 (collecting cases).

An application for such costs is made in the lower court in the same manner as costs are taxed and collected in the lower court through a bill of costs. Pa.R.A.P. 2762. Therefore, to the extent Appellant's application seeks taxation of costs permitted under Rule 2741, the application must be denied but without prejudice for Appellant to present his bill of costs to the lower court at the appropriate time and in accord with local rules.

4. Taxation of Costs Under Rule 2771.

The bill of costs submitted in Appellant's Application also seeks taxation of the premium for the bond he had to post in connection with this appeal.

7

Rule 2771, however, provides that such costs are to be taxed in the lower court. **See also** Darlington at § 2771:1. Therefore, we must deny Appellant's request to tax bond costs in this Court. This denial again is without prejudice to Appellant to submit those costs to the lower court at the appropriate time and in accord with local rules.

5. Proceedings During This Appeal and Clarification of this Court's October 21, 2022 Decision.

A substantial portion of Appellant's Application addresses continuing proceedings in the trial court while this matter has made its way through the appellate courts. At the outset, we must say that we are astonished that Appellee's counsel continued to seek trial listings during this appeal, and that court administration and the trial court repeatedly scheduled trial during this appeal, even though all were advised by Appellant's counsel that the court was without jurisdiction to do so. This Court, our rules, and our statutory law have made it abundantly clear that while an appeal is pending, a lower court does not have jurisdiction to proceed further in a matter, subject to certain exceptions not applicable here. **See** Pa.R.A.P. 1701 (after an appeal is taken the trial court may no longer proceed further in the matter), 42 Pa. C.S.A. § 5505 (a court upon notice to the parties may modify or rescind any order within 30 days after its entry if no appeal from such order has been taken or allowed), **Schluth v. Krishavtar, Inc.,** 302 A.3d 96, 103 (Pa. Super 2023) (once appeal is filed, jurisdiction over matter is transferred to appellate court,

and trial court no longer has jurisdiction to act subject to limited exceptions);

***Moses v. T.N.T. Red Star Exp.***, 725 A.2d 792, 795 n.4 (Pa. Super. 1999).

Guided by the above precedent, we have reviewed Appellant's application and Appellee's answer, and we set forth our understanding of the proceedings in the trial court during this appeal.

On January 26, 2023, while this case was pending before the Superior Court, the Chester County Court Administrator advised the parties by letter that this case would be listed for trial for the February 2023 term. On February 1, 2023, counsel for the parties participated in a telephone conference, after which counsel for Appellant sent an email to counsel for Appellee confirming his understanding that counsel for Appellee would file a petition for allowance of appeal and request that this case be removed from the trial calendar.

On February 2, 2023, counsel for Appellee filed a petition for allowance of appeal but did not ask the trial court to remove the case from the trial calendar.

On February 7, 2023, the trial court ordered this matter be continued to the next trial list set to begin on March 13, 2023. In so ruling, the trial Court declined to remove this matter from the trial list entirely, noting, "Service of the writ on [Appellant] was made on October 25, 2017. Service of the complaint on [Appellant] was made on July 31, 2018." Trial Ct. Order, 2/7/23. In fact, as this Court held in its October 21, 2022 opinion, there has never

been valid service of the complaint, because service on July 31, 2018 was on a non-existent address.

On February 24, 2023, the Chester County Court Administrator advised this case was again listed for trial for the March–April 2023 term. On March 4, 2023, counsel for Appellant advised counsel for Appellee the case needed to be removed from the trial court calendar altogether, explaining that the trial court lacked jurisdiction to hold a trial while the appeal remained pending before the Supreme Court.

On March 8, 2023, counsel for Appellant asked whether counsel for Appellee would consent to having this case removed from the court's trial list. On March 10, 2023, counsel for Appellee responded in the negative, stating in an email, "[W]e advised the Court of ongoing appellate proceedings earlier in the week and do not believe we need to be part of any additional motion." Later that day, counsel for Appellant filed another motion to remove this case from the trial list, explaining (1) the trial court did not have jurisdiction to proceed while this matter was on appeal, (2) any order entered by the trial court once jurisdiction passed to the Superior Court was a legal nullity, and (3) this divestiture of jurisdiction extends to discovery matters and precludes parties from serving discovery requests or engaging in discovery during pendency of the appeal. Additionally, counsel for Appellant pointed to this Court's conclusion in its October 21, 2022 opinion that Appellant was never

served with the Complaint. *See Grady*, 286 A.3d at 264-67. Counsel emphasized:

> [B]efore trial can occur, **[Appellant] must be properly served with the Complaint (which, despite the passage of time, Appellee has not yet accomplished)**, and [Appellant] must be permitted time to respond. Thereafter, [Appellant] may in his discretion file preliminary objections or an answer and new matter, conduct discovery, and move for dispositive relief (*e.g.*, a motion for summary judgment).

Motion, 3/10/23, at ¶ 3 (emphasis added).

Appellee did not respond to the aforementioned motion, which remained pending for three months. On June 14, 2023, the trial court removed the case from the then-current trial listing and stayed the case pending the Pennsylvania Supreme Court's disposition of Appellee's petition for allowance of appeal. Trial Ct. Order, 6/14/23. The order continued, however, that "[t]he case will be listed for trial after the Pennsylvania Supreme Court disposes of Appellee's Petition for Allocatur" and directed the parties to "promptly notify the trial court in writing after the Pennsylvania Supreme Court rules on Appellee's Petition for Allocatur." *Id.* at ¶ 3.

On October 12, 2023, the Supreme Court entered an order denying allocatur. By letter dated October 17, 2023, counsel for Appellant advised the trial court of this order. Counsel also included a proposed order that (1) struck the default judgment and assessment of damages against Appellant, (2) directed Appellee to make proper service of the complaint, (3) permitted

11

Appellant to file responsive pleadings to the complaint, and (4) assigned a new discovery scheduled and trial listing.

On the same date, counsel for Appellee filed a "Reply to [Appellant] Brian Nelson's New Matter"[4] and sent a letter to the trial court requesting that this case be listed for trial. Counsel for Appellee stated:

> Per your prior Order, **[Appellant] was served with the Complaint on July 31, 2018**. And, given the interim appellate proceedings, the only thing your Honor requested from the Parties is to "promptly notify the trial court in writing after the Pennsylvania Supreme Court rules on Appellee's Petition for Allocatur" at which time "[t]he case will be relisted for trial".
>
> Please accept this as notice in compliance with your Order [dated July 14, 2023]. Specifically, per the attached Per Curiam Order of the Supreme Court, Appellee's Petition for Allocatur was denied **thereby enabling your Honor to relist this case for trial**.
>
> [Appellant] also seeks further relief from the trial court, all of which is inappropriate and should be denied.
>
> As the proposed Answer with New Matter filed by the [Appellant] is now of record due to the Appellate Court Rulings, Appellee has filed his Reply to the [Appellant]'s New Matter today as well and the pleadings have closed.

Letter, 10/17/23 (emphasis added).

On October 20, 2023, counsel for Appellant sent counsel for Appellee a letter in response to counsel for Appellee's October 17, 2023 letter. Counsel

---

[4] When Appellant petitioned to strike or open the default judgment, Appellant attached a proposed answer to the complaint with new matter as an exhibit to the petition. The "reply to new matter" that counsel for Appellee filed on October 17, 2023, purported to be a reply to the proposed new matter appended to Appellant's petition to strike or open.

for Appellant noted that "[a] lower court is without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal." Letter, 10/20/23. Counsel for Appellant continued:

> Throughout this litigation, you've continued arguing [that Appellant] was served with the Complaint. But as you know, this argument was squarely rejected by the Superior Court. To the extent the trial court believes the Complaint was served on [Appellant], **both** parties have an obligation to address that error. *See*, *e.g.*, *Commonwealth v. Henry*, 681 A.2d 791, 793 (Pa. Super. 1996) (finding that trial counsel violated RPC 3.3 by failing to reveal an obvious error by the trial court, noting: "a tactical decision not to disclose the error could be the equivalent of an affirmative misrepresentation."), *appeal denied*, 689 A.2d 232 (Pa. 1997).

**Id**. (emphasis in original). Counsel for Appellee did not respond to this letter.

After receiving counsel for Appellee's letter, the trial court issued an Order dated October 20, 2023, instructing the "Court Administration [to] include this action on the trial court's next trial list." Trial Ct. Order, 10/20/23.

On October 23, 2023, counsel for Appellant asked counsel for Appellee to immediately withdraw the reply to new matter, effectuate proper service of the Complaint, and advise whether Appellee would be willing to file a joint motion to remove this case from the next trial list. Letter, 10/23/23. On October 26, 2023, counsel for Appellant sent another letter renewing the above requests, and requesting legal authority for the proposition that this case should be relisted for trial. On October 30, 2023, Appellant filed the application presently under review.

Appellant now requests clarification on the proper procedure to be followed on remand in accord with our prior decision in this case. In particular, Appellant objects to counsel for Appellee's tactic of repeatedly requesting the trial court to place this case on the trial list subsequent to our October 21, 2022 decision, even though (1) the trial court lacks jurisdiction to take any action before remand of the record; and (2) Appellee has not made valid service of the complaint on Appellant. Appellant further objects to the trial court's orders, most recently on October 20, 2023, to place this case on the next trial list. We agree with Appellant that counsel for Appellee's conduct with respect to our October 21, 2022 decision is unacceptable, and that the trial court had no authority to place this case on any trial list until after remand of the record **and** further steps as detailed below.

The Rules of Appellate Procedure provide that except in limited circumstances, "after an appeal is taken . . . the trial court . . . may no longer proceed in the matter." Pa.R.A.P. 1701(a). The Rules further state, "On remand of the record the [trial] court shall proceed in accordance with the judgment or other order of the appellate court and, except as otherwise provided in the order, Rule 1701(a) . . . shall no longer be applicable to the matter." Pa.R.A.P. 2591(a). Under these rules, the trial court lacked jurisdiction to place this case on any trial list before, on or after October 20, 2023, because this Court had not yet remanded the record to the trial court. Nor was there any exception in Rule 1701 that permitted the trial court to take

14

such action.[5]  Although counsel for Appellant pointed out this fact to counsel for Appellee in a motion filed on March 10, 2023, counsel for Appellee has continued to request the trial court to place this case on a trial list.  This conduct reflects a callous disregard for our rules as well as a lack of basic civility towards counsel for Appellant.

Our October 21, 2022 opinion made clear that counsel for Appellee failed to make service of the complaint on Appellant, thus invalidating the default judgment against Appellant.  Our opinion is the law of this case now that our Supreme Court has denied allocatur review.  *See Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995) (law of the case doctrine includes principle that upon remand for further proceedings, trial court may not alter resolution of legal matter previously decided by appellate court in the matter). Nevertheless, even after the Supreme Court denied allocatur, counsel for Appellee continued to insist to the trial court that this case can go onto a trial list because Appellant was served with the complaint on July 31, 2018.  Letter from counsel for Appellee, 10/17/23.  That is a falsehood.  To repeat, our opinion holds, as a matter of law, that Appellant has **never** properly been served with Appellee's complaint.  Counsel for Appellee has compounded this

---

[5] Although Rule 1701(b)(1) authorizes the trial court to "take such action as may be necessary to preserve the status quo," placement of this case on a trial list would not preserve the status quo but would instead change the status of this case in the trial court.

falsehood by claiming that the pleadings are complete because (1) Appellant filed an answer to the complaint by attaching a proposed answer and new matter to this petition to open or strike, and (2) Appellee has now purported to file a reply to Appellant's new matter. *Id.* Under Pa.R.Civ.P. 237.3, a defendant's petition for relief from a default judgment must attach a copy of the preliminary objections and/or answer which the defendant *seeks to file*. Until the default judgment is stricken or opened, the defendant is not actually entitled to file a proposed responsive pleading. Thus, contrary to counsel for Appellee's assertion, the pleadings in this case are not complete—and they will not become complete until at least the following occurs: (1) the record is remanded, (2) the trial court strikes the default judgment, (3) Appellee makes proper service of the complaint, (4) Appellant files his answer and new matter, and (5) Appellee files a reply to new matter.

So that there be no further misunderstanding, we emphasize that all action taken by the trial court and its administration during the pendency of these appeal proceedings are null and void. Upon remand, the status of this matter shall return to the same status it had before entry of the default judgment against Appellant. Our October 21, 2022 decision mandates that the trial court strike the default judgment upon remand of the record and requires Appellee's counsel to perfect proper service of his complaint before further pleadings may be filed and before subsequent pre-trial and trial proceedings can take place.

16

We add that we strongly disapprove of counsel's continuing scorched earth tactics and disregard for our rules, especially where this Court in its previous opinion made clear that it perceived conduct by Appellee's counsel at that time likely to have been in bad faith. Placing a matter on a trial list before pleadings are closed and any opportunity is afforded to conduct the pre-trial proceedings provided for under our rules is without any doubt abhorrent to a fair and orderly system of justice. We likewise are at a loss to understand the trial court's indulgence in these unfair tactics. We remind the trial court and its administration that they are the gatekeepers to the trial process and that our rules must be fairly followed and the due process rights of litigants respected. We therefore clarify the effect of our October 21, 2022 opinion to direct that before this case is placed upon any trial list, the following, at a minimum, shall take place: (1) counsel for Appellee shall make valid service of his complaint on Appellant; (2) Appellant may then file the responsive pleading attached to his petition to strike and/or open the default judgment, *see* Pa.R.Civ.P. 237.3(a); and (3) there shall be a reasonable period of time for pre-trial proceedings, including but not limited to discovery and dispositive motions.

We caution counsel for Appellee that steamrolling the rules and engaging in abusive or uncivil conduct may result in repercussions, such as, for example, a motion for counsel fees under 42 Pa.C.S.A. § 2503, a counterclaim for abuse of process, and/or sanctions under Pa.R.Civ.P.

17

1023.1—1023.4. We leave it to the trial court to decide the proper course of action if and when presented with any requests for relief by Appellant.

Application For Attorney's Fees, Costs And Other Relief Pursuant To Pennsylvania Rules Of Appellate Procedure 127 And 2744 denied without prejudice. Application to Supplement Appellant's October 30, 2023 Submission is granted, and documents in Application are accepted as filed. Case remanded for further proceedings in accordance with our order of October 21, 2022, and with this memorandum. Appellant's counsel shall serve a copy of this memorandum upon the trial judge and the Chester County Court administrator. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2023

18