J-S12018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE M. KING | : | |
| | : | |
| Appellant | : | No. 2424 EDA 2024 |

Appeal from the PCRA Order Entered August 14, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0007863-2018

BEFORE: STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 1, 2025**

George M. King appeals from the order denying his Post Conviction Relief Act ("PCRA") petition following an evidentiary hearing. ***See*** 42 Pa.C.S.A. §§ 9541-9546. King argues his trial counsel was ineffective for failing to object when at his sentencing hearing, the Commonwealth stated the incorrect prior record score ("PRS") and sentencing guidelines ranges. Because we find King failed to establish prejudice, we affirm.

The PCRA court summarized the pertinent factual and procedural history as follows.

> [O]n July 23, 2019, [King] entered an open guilty plea to 35 counts of possession with intent to deliver controlled substances[,] conspiracy, two counts of corrupt organizations, one count of dealing in proceeds of unlawful activities, and one count of persons not to possess. (N.T., Open Guilty Plea, 7/23/19, pp. 3, 28). [King's] guilty plea arose out of his admitted role as the hub of a drug trafficking enterprise, trafficking cocaine, heroin, methamphetamine, and other drugs. ***Id.*** at 16.

A sentencing hearing was held on June 16, 2020. The Commonwealth read the guidelines into the record. (N.T., Sentencing, 6/16/20, pp. 3-5). Among the 40 counts, the Commonwealth incorrectly stated the guidelines for two counts, Count 39 and Count 40, as follows:

> Count 39 is possession with intent to deliver. That is for the execution of the search warrant at his home. The [offense gravity score ("OGS")] on that is ten for the weight of the fentanyl only. And Mr. King's prior [PRS] on that count with the OGS of ten is REVOC[1], and the standard range there is 120 months to 120 months, plus or minus 12. Count - - I [believe] it's Count 40, though it's not in my sentencing memorandum, is a conspiracy to possession with intent aggregating all of the heroin deliveries. I have that as over 100 grams with an OGS of 11. Again, Mr. King's [PRS] there is a REVOC, 120 months in the standard range, plus or minus 12.

*Id.* at 4-5. Defense counsel made his argument to this Court requesting an aggregate sentence "in single digits[.]" *Id.* at 16. The Commonwealth presented argument in support of its aggregate request of 15 to 30 years', noting that that was just for the weight of the drugs found in his apartment and the gun. *Id.* at 17-18. The Commonwealth's request did not take into account all of the drugs that [King] delivered to people [and] sold on the street. *Id.* at 18.

Prior to announcing the sentence, this Court placed its reasons for its sentence on the record including, *inter alia*, that [King] was the head of an organization that delivered thousands and thousands of bags of heroin and fentanyl to the streets of Montgomery County. *Id.* at 19, 20. This type of criminal conduct was significantly dangerous to society. *Id.* at 21. This Court also considered the pre-sentence investigation and report, his family situation and background, his drug and alcohol history, his expressions of remorse, and mitigating factors. *Id.* at 20-22.

This Court sentenced [King] to an aggregate of 12½ to 25 years' imprisonment. *Id.* at 23. The aggregate sentence was structured by running nearly all of [King's] sentences concurrently, with the exception of one consecutive sentence.

---

[1] "REVOC" refers to "Repeat Violent Offender Category." *See* 204 Pa. Code § 303.4(a)(1).

PCRA Court Op., 11/22/24, at 2-3. The court stated on the record at sentencing that it was its intention that aggregate sentence be 12½ to 25 years. *Id.* at 4 (citing N.T., Sentencing, 6/16/20, at 23 ("the aggregated sentence here [is] and my intention would be 12½ to 25 years"). King did not file any post-sentence motions or a direct appeal.

King filed a timely PCRA petition, followed by a counseled, amended petition, on which the court heard argument. King argued that his trial counsel was ineffective for failing to object to the Commonwealth's classifying him as a REVOC for Counts 39 and 40 and presenting the wrong sentencing guidelines ranges on those counts. He further argued that at the sentencing hearing, the court had failed to consider the specific guidelines on each count. *See* N.T., PCRA Argument, 7/6/23, at 8. The Commonwealth conceded that the claim had arguable merit but argued that King could not prove prejudice. It contended that the court's intention had been the aggregate sentence.

The court denied the petition, and King appealed. We remanded because the court had not issued notice of its intent to dismiss the petition without an evidentiary hearing. *See Commonwealth v. King*, No. 2052 EDA 2023, 2024 WL 2859470, at *3-4 (Pa.Super. filed June 6, 2024) (unpublished mem.); Pa.R.Crim.P. 907.

On remand, the court held an evidentiary hearing. King presented the witness certification of King's trial counsel. Trial counsel conceded in the certification that based on its comments at sentencing, the trial court appeared to have intended an aggregate sentencing scheme of 12½ to 25

years. He also acknowledged that because of the number of counts, it could have achieved that scheme even if the parties had advised it of the correct guidelines ranges:

> [D]ue to the number of felony counts to which the defendant pled guilty in this case, it is possible that after employing the correct sentencing guidelines [the trial court] might have structured the sentences to still reflect an aggregate sentence of twelve and a half to twenty-five years which seemed to be his intended sentence for the reasons placed on the record at sentencing.

N.T., PCRA Hearing, 8/14/24, at 4.

Trial counsel testified and stated that at sentencing, he had focused his argument on the aggregate sentence due to the large number of counts. *Id.* at 5-6. He did not believe the court "would have departed from that number regardless of what happened with the guidelines." *Id.* at 6.

The PCRA court again denied the petition. It found that King had failed to prove prejudice because it had intended an overarching sentencing scheme of 12½ to 25 years:

> It is true that the guidelines were incorrect. But I considered the totality of [King's] criminal conduct and the factors under the [S]entencing [C]ode. I intended to fashion an aggregate sentence of 12 and a half to 25 years. I would have done that slightly differently if the proper guidelines had been provided to me by counsel.
>
> There were so many counts here that I could have achieved a sentence of 12 and a half to 25 without going in the aggregated (sic) or above the guidelines for any particular count.
>
> Therefore, I find there has been no actual prejudice. I would have imposed the same sentence. And I can do so again in a different fashion if that is what is required by the appellate court.

And I do stand on the reasons I placed on the record initially for the sentence that I did impose here.

So the petition is denied.

*Id.* at 11-12; *see also* PCRA Ct. Op. at 11 ("Even if the sentencing guidelines were set forth correctly for Count 39 and Count 40, this Court would have still imposed the same sentence but just structured it differently"). King appealed.

King raises one issue:

Did the lower court err in failing to grant PCRA relief on the ground that trial counsel was ineffective for failing to object to [King]'s Prior Record Score being improperly classified as a REVOC for Counts 39 and 40 of the bills of information when the burglary convictions listed in [King]'s pre-sentence report do not constitute 4-point offenses or crimes of violence and the robbery listed in the pre-sentence report at CP-46-CR-0002599-1987 was, in fact, nolle prossed?

King's Br. at 3.

King argues that counsel's failure to object to the erroneous PRS and guidelines ranges was inherently prejudicial because it resulted in a sentence that was not informed by the correct sentencing guideline ranges. *Id.* at 16. King asserts that the trial court's statements that it would have imposed the same sentence, regardless of the correct guidelines ranges, do not preclude a finding of prejudice. *Id.* at 20. King points out that the 10 to 20 year sentences the court imposed on Counts 39 and 40 were two years higher than the upper end of the aggravated range under the correct guidelines (eight years). He also argues that because the court was unaware it was deviating from the guidelines, the court failed to place on the record its reasons for an upward departure from the guidelines. *Id.* at 20-23.

- 5 -

We review an order denying PCRA relief to determine whether it is supported by the evidence of record and free of legal error. ***Commonwealth v. Ligon***, 206 A.3d 515, 518 (Pa.Super. 2019).

Counsel is presumed effective, and a PCRA petitioner bears the burden of proving otherwise. ***Id.*** at 519. To prevail on a claim of ineffectiveness, a petitioner must plead and prove each of the following: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." ***Id.*** (quoting ***Commonwealth v. Grove***, 170 A.3d 1127, 1138 (Pa.Super. 2017)).

The PCRA court concluded King failed to establish prejudice because it had fashioned an overarching sentencing scheme and due to the large number of convictions, it had great flexibility in achieving that scheme. It thus concluded that the failure to object to the calculation of the guidelines ranges for two of the individual charges had not affected the aggregate sentence.

We find no error. An ineffectiveness claim for a failure to raise a sentencing issue fails for lack of prejudice if the circumstances do not reveal a reasonable probability that if counsel had raised the issue, the sentence would have been different. For example, in ***Commonwealth v. Reaves***, 923 A.2d 1119, 1132 (Pa. 2007), our Supreme Court rejected such a claim for want of prejudice. There, the court had sentenced the defendant to prison time for a violation of probation without giving reasons for the sentence. The

case came back before the same judge at the PCRA level. The PCRA court found no prejudice because even if counsel had objected to the absence of a statement of reasons, it would have imposed the same sentence because of the defendant's "horrendous reporting record." ***Id.***

Here, the court made it clear at sentencing that it envisioned a 12½-to-25-year sentencing scheme and had arrived at that aggregate sentence based on multiple factors. It especially emphasized King's conduct as "the head of an organization that delivered thousands and thousands of bags of heroin and fentanyl[.]" N.T., Sentencing, at 19. It subsequently reaffirmed at the PCRA level that such had been its intended sentence. It pointed out that because of the number of counts, it could have imposed that comprehensive sentencing scheme in multiple ways. On this record, King has failed to carry his burden to establish that there is a reasonable probability that but for counsel's failure to object, King's sentence would have been different. ***See Commonwealth v. Smith***, No. 2774 EDA 2023, 2025 WL 926997, at *12 (Pa.Super. filed Mar. 26, 2025) (unpublished mem.) (finding no prejudice from counsel's failure to object to guidelines calculation error, even where error resulted in the court accidentally imposing aggravated sentences on some counts, where petitioner failed to prove he would have received a shorter aggregate sentence); ***see also Commonwealth v. Truver***, No. 716 WDA 2023, 2023 WL 8434290

(Pa.Super. filed Dec. 5, 2023) (unpublished mem.), *appeal denied*, 320 A.3d 665 (Pa. 2024).[2]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/1/2025

---

[2] King's citations to **Commonwealth v. Scassera**, 965 A.2d 247, 250 (Pa.Super. 2009), and **Commonwealth v. Boyd**, 545 A.2d 359, 361 (Pa.Super. 1988), are inapposite. In those cases, and unlike here, the trial court did not expressly state on the record at sentencing that it had intended a specific, overarching sentencing scheme.