J-S32007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICAH A. EFTHIMIOU | : | |
| | : | |
| Appellant | : | No. 305 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 10, 2025
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000530-2024


BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:          **FILED: OCTOBER 1, 2025**

Micah A. Efthimiou appeals from the judgment of sentence, entered in the Court of Common Pleas of Bradford County, following his guilty plea to simple assault by physical menace (M2),[1] resisting arrest (M3),[2] and criminal mischief (M3).[3]  We affirm.

The charges arose out of Efthimiou's conduct at the Guthrie Robert Packer Hospital on September 17, 2024, when police were called about an "out of control patient."  ***See*** Affidavit of Probable Cause, 9/17/24.  Efthimiou was being seen by a nurse practitioner and had thrown a cold bottle of coffee

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2701(a)(3).

[2] ***Id.*** at § 5104.

[3] ***Id.*** at § 3304(a)(5).

at her, which missed her and shattered on the Orthopedics Department floor. The nurse practitioner hid in a corner so Efthimiou could not see her. He pulled a plant out of its container in the hallway and, when the nurse practitioner asked him to stop, his response was, "It's not like I stabbed you in the neck." *See* N.T. Sentencing, 2/10/25, at 9. The court pointed out in its opinion that numerous people of all ages in the waiting room, as well as staff, witnessed Efthimiou's violent and aggressive behavior. *Id.* at 9-10. The court noted that, due to Efthimiou's actions, patient care was delayed, and that one staff member, a United States Army veteran who had served in Afghanistan, has "had increased anxiety since that [incident.]" *Id.* at 10.

On February 10, 2025, the court sentenced Efthimiou as follows: 30 days to 23 months and 29 days of imprisonment on the simple assault by physical menace conviction; 12 months' probation for resisting arrest; and a $250 fine for criminal mischief. *Id.* at 6-7. Efthimiou filed a timey post-sentence motion, which was denied. Efthimiou filed a timely appeal, and he and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Efthimiou challenges the court's sentence on the simple assault conviction. He contends the court abused its discretion in sentencing him outside the aggravated range of the Sentencing Guidelines. Efthimiou's claim implicates the discretionary aspects of his sentence.

> An appellant is not entitled to review of the discretionary aspects of sentencing unless he or she satisfies a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify

sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc) (quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011)).

Here, Efthimiou has filed a timely notice of appeal, preserved his claim in a post-sentence motion, and has included a Rule 2119(f) statement in his brief. *See* Appellant's Brief, at 13-14 (setting forth Rule 2119(f) statement). Thus, we must consider whether Efthimiou raises a substantial question.

Whether an appellant has presented a substantial question is evaluated on a case-by-case basis. *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008). "A substantial question exists 'only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (quoting *Commonwealth v. Brown*, 741 A.2d 726, 736 (Pa. Super. 1999)). This Court will not look beyond the statement of questions presented and the Rule 2119(f) statement in determining whether an appellant has presented a substantial question, and will not accept bald assertions of sentencing errors. *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018).

Efthimiou contends that his sentence, which is outside the aggravated range of the Sentencing Guidelines, is "unduly harsh, excessive, and inconsistent with the Sentencing Code[.]" **See** Appellant's Brief, at 14. He states:

> The standard range for simple assault by physical menace was 24 months' probation and the aggravated range was also 24 months' probation. This was based on [Efthimiou's] prior record score of zero. However, he received a sentence of total confinement, which is inconsistent with the sentencing guidelines.

**Id.**

Here, we find Efthimiou's claim that his sentence was outside the aggravated range of the guidelines and was manifestly excessive, where his prior record score was zero, raises a substantial question. **See Commonwealth v. Hicks**, 151 A.3d 216, 227 (Pa. Super. 2016) ("[A] claim that the sentence is manifestly excessive, inflicting too severe a punishment, does present a substantial question."); **Commonwealth v. Hanson**, 856 A.2d 1254, 1257 (Pa. Super. 2004) (claim that sentencing court imposed unreasonable sentence by sentencing outside guidelines presents a substantial question).

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014). An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the

- 4 -

sentencing court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision." *Id.* (citation omitted).

With respect to an outside-the-guideline sentence, we have stated:

When evaluating a challenge to the discretionary aspects of sentence . . . it is important to remember that the sentencing guidelines are advisory in nature. If the sentencing court deems it appropriate to sentence outside of the guidelines, it may do so as long as it offers reasons for this determination. [O]ur Supreme Court has indicated that if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is **not unreasonable**, we must affirm a sentence that falls outside those guidelines.

A sentencing court, therefore, in carrying out its duty to impose an individualized sentence, may depart from the guidelines when it properly identifies a particular factual basis and specific reasons [that] compelled [it] to deviate from the guideline range.

*Commonwealth v. Shull*, 148 A.3d 820, 836 (Pa. Super. 2016) (citations and quotation marks omitted, emphasis in original). *See also Commonwealth v. Rodda*, 723 A.2d 212, 216 (Pa. Super. 2016) (holding record must demonstrate "with clarity that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them").

The Sentencing Guidelines enumerate aggravating and mitigating circumstances, assign scores based on a defendant's criminal record and based on the seriousness of the crime, and specify a range of punishments for each crime. "In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.[A.] § 9721(b); *see* 204 Pa. Code § 303.1(d). *The Sentencing Guidelines are not mandatory,*

> *however, so trial courts retain broad discretion in sentencing matters, and[,] therefore, may sentence defendants outside the Guidelines. **See** 42 Pa.C.S.[A.] § 9721(b); **Commonwealth v. Ellis**, 700 A.2d 948, 958 (Pa. Super. 1997). If a court departs from the sentencing recommendations contained in the Sentencing Guidelines, it must "provide a contemporaneous written statement of the reason or reasons for the deviation." 42 Pa.C.S.[A.] § 9721(b); **see** 204 Pa. Code § 303.1(d).*

**Commonwealth v. Mouzon**, 812 A.2d 617, 620-21 (Pa. 2002) (emphasis added).

Contrary to Efthimiou's argument, simply because the court's sentence exceeds the guidelines does not, *a fortiori*, render the sentence an abuse of discretion. This Court has stated that, "at minimum, [] when a court deviates from the sentencing guidelines, it must indicate that it understands the suggested sentencing range." **Rodda**, **supra** at 214. Here, the court clearly stated on the record the offense gravity score for each offense and the guideline ranges for each offense, and the court acknowledged on the record that Efthimiou had no prior criminal history. **See** N.T. Sentencing, at 1, 3. The court also stated on the record that it considered the presentencing investigation (PSI) report as well as the victim impact statement. **Id.** at 2, 6. Moreover, the court specifically noted several compelling reasons for imposing the particular sentence in this case, namely the "domino effect" Efthimiou's violent and aggressive actions had on the nurse practitioner caring for him, other staff members, and the patients and visitors in the hospital. **Id.** at 10. The court concluded that any lesser sentence would depreciate the seriousness of the offense, and that it was "imposing a sentence to protect

society and hopefully provide the defendant with some rehabilitation so that he can be a constructive member of this society[.]" *Id.* at 11.

After our review, we conclude the court did not abuse its discretion. The trial court considered all the relevant factors in fashioning Efthimiou's sentence. The court understood the guidelines ranges, as well as Efthimiou's prior record score of zero, had before it the PSI report, clearly set forth its reasons on the record for sentencing outside the aggravated range of the guidelines, and took into consideration Efthimiou's rehabilitative needs. *See* 42 Pa.C.S.A. § 9721(b) (sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant"). *See also Commonwealth v. Smith*, 206 A.3d 551, 568-69 (Pa. Super. 2019) (affirming outside guideline and aggravated range sentences where trial court considered PSI, appellant's rehabilitative needs, need to protect community, and nature and gravity of offense). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/1/2025